TIBERI, APPELLANT, *v.* THE FISHER BROS. CO., APPELLEE.

(No. 1286—Decided November 11, 1953.)

*Mr. Henry P. Webber,* for appellant.
*Messrs. Stevens & Severs,* for appellee.

DOYLE, P. J.  This is an action in tort by one who was in a retail food store to make a purchase, to recover compensation for injuries sustained by slipping and falling on the floor of the store.  Her testimony was that she went to the store to buy two pounds of peas, and, as she walked over the floor, in the process of making a purchase, she slipped on a piece of lettuce and some "black stuff" (the "black stuff" is not further identified); she noticed nothing on the floor before she fell, but when she "got up" she saw the material by her heel "stuck on the floor": she was the only customer at the time, and the business was attended by a manager and a clerk, both of whom were present.

There is no evidence of negligence on the part of the

defendant. It is well established in this state that, in order to impose liability for injury to an invitee because of a dangerous condition of the premises resulting from a foreign substance on the floor, the condition must have been known to the owner or occupant, or have existed for such a time that it was the duty of the owner or occupant to know of it. There is no evidence in this case as to how the material got onto the floor, nor is there any evidence as to how long it had been there. There is no evidence that the employees knew of its existence. For aught that appears, the plaintiff herself could have carried it into the store from outside.

The case is governed by the law as applied to the facts in *Kroger Grocery & Baking Co.* v. *McCune*, 46 Ohio App., 291, 188 N. E., 568. Other Ohio cases pronouncing the same principles are: *Sweet* v. *Big Bear Stores Co.*, 158 Ohio St., 256, 108 N. E. (2d), 737 (customer slipping on spinach on floor); *Boles* v. *Montgomery Ward & Co.*, 153 Ohio St., 381, 92 N. E. (2d), 9 (slipping on wet and slippery floor occasioned by water and slush tracked in from outside by patrons); *Johnson* v. *Wagner Provision Co.*, 141 Ohio St., 584, 49 N. E. (2d), 925 (slipping caused by jar of mayonnaise dropped on floor by another customer); *Hardgrove* v. *Isaly Dairy Co.*, 139 Ohio St., 641, 41 N. E. (2d), 862 (slipping caused by water dripped on floor from bottle carried by another customer); *J. C. Penny Co., Inc.*, v. *Robison*, 128 Ohio St., 626, 193 N. E., 401, 100 A. L. R., 705 (customer slipped and fell on oiled floor); *S. S. Kresge Co.* v. *Fader*, 116 Ohio St., 718, 158 N. E., 174, 58 A. L. R., 132 (floor made damp and slippery by customers carrying in water and moisture on umbrellas, clothing and feet).

The rule "*res ipsa loquitur*" cannot be applied to the facts of this case. It is a rule of evidence and cannot be "expanded into a rule of liability." *Sherlock*

v. *Strouse-Hirshberg Co.*, 132 Ohio St., 35, 4 N. E. (2d), 912. It is as reasonable to infer that another customer or the injured lady herself caused the lettuce to be deposited on the floor as to infer that the defendant company, through its servants, or employees, caused it to be there deposited.

The action of the trial court in directing a verdict for the defendant and entering its judgment thereon was proper in every respect, and the judgment will be affirmed.

*Judgment affirmed.*

Stevens, J., and Hunsicker, J., concur.