OPINION
In this accelerated calendar case, appellant, Rebecca L. Fitch, appeals from the decision of the Lake County Court of Common Pleas, granting appellee, the Lake County Historical Society ("the Society"), summary judgment on appellant's claim for negligence.
On July 25, 1999, appellant, along with her two friends, Barbara Medyk ("Ms. Medyk") and Gerri Sleva ("Ms. Sleva"), made plans to attend the Little Mountain Folk Festival sponsored by appellee. Ms. Sleva drove Ms. Medyk and appellant to the festival, and they arrived at approximately 1:00 p.m. Ms. Sleva parked her vehicle in a grassy field designated by the Society as the parking area during the festival. According to appellant, she did not have any problems walking from the vehicle to the festival.
After spending the day at the festival, appellant, along with her friends, left around 5:30 — 6:00 p.m. While appellant was walking through the grassy field to return to Ms. Sleva's vehicle, she stepped into a hole in the ground, thereby sustaining injuries to her right leg and ankle and feet.
Appellant admitted she was well aware that grassy fields might contain holes. As a precaution, appellant was looking down at the ground while walking to watch for holes. However, appellant claimed that she did not see the hole because according to her, the hole was covered in grass, "[c]ompletely camouflaged."
As a result of these events, on June 19, 2000, appellant filed a complaint against appellee in the Lake County Court of Common Pleas. Therein, appellant claimed that she sustained injuries "as a result of negligence in the maintenance and operation of said Lake County Historical Society premises * * *."
On May 15, 2001, appellee filed a motion for summary judgment, arguing that the naturally occurring hole that appellant stepped into was not created by appellee, nor did appellee have any knowledge or reason to know of its presence. Further, appellee suggested that there was no evidence as to the length of time the hole may have been present or how the hole was created.
In support of its summary judgment motion, appellee filed appellant's deposition with the trial court and submitted the affidavit of Harry Hopes ("Mr. Hopes"), a volunteer at the Society in the capacity of vice-president.[1] In relevant part, Mr. Hopes stated that prior to the Society utilizing the grassy field for the parking of motor vehicles, it was mowed and inspected for holes, rocks, stumps and other imperfections, and that based on the inspection, the field was free of holes:
 "2. That on July 25, 1999, I was serving at the Lake County Historical Society as the coordinator for Special Events and Second Vice-President;
 "3. That in my capacity as coordinator of Special Events, I assisted in organizing the Little Mountain Folk Festival which took place on July 24th and 25th of 1999;
 "4. That organizing the Lake County Historical Society Special Events includes preparation of the grounds which are utilized for the event and for parking of vehicles;
 "5. That the Lake County Historical Society includes approximately fifteen acres of vacant natural field;
 "6. That the organization of the Little Mountain Rock Festival includes preparation of the field for parking of vehicles;
 "7. That this preparation of the field includes mowing the grass, checking for any holes, rocks, or imperfections which could create a hazard of personal injury;
 "8. That the Little Mountain Folk Festival takes place in a country setting in a natural field inhabited by groundhogs, squirrels, snakes and other animals indigenous to the country setting;
 "9. That I have personal knowledge that prior to the Little Mountain Folk Festival which took place on July 24 and July 25, 1999, the Lake County Historical Society field utilized for the event and for the parking of motor vehicles was mowed, and inspected for holes, rocks, stumps, and other imperfections;
 "10. That in the event the volunteers who inspect the field observed holes, rocks, stumps or other imperfections, these are corrected and repaired prior to the Little Mountain Folk Festival event.
 "11. That based on our inspection, the field and parking area for the Little Mountain Rock Festival were free of holes, rocks, stumps or other imperfections."[2]
In turn, on June 4, 2001, appellant filed a response to appellee's motion for summary judgment, arguing the fact that the hole may not have been created by appellee does not foreclose her cause of action. According to appellant, since the hole was hidden from observation and concealed, appellee had the duty to warn its invitees if it knew or had reason to know of the hidden danger.
Further, given that appellee inspected and prepared the field for parking and foot traffic, appellant suggested that this raised an issue of fact as to whether appellee adequately and thoroughly inspected and prepared the area in a non-negligent manner.
After taking the matter under advisement, on July 2, 2001, the trial court granted appellee's motion for summary judgment as to appellant's negligence claim, reasoning that appellant had failed to established that appellee breached a duty of ordinary care:
 "* * * [Appellant] failed to produce any evidence of the type required by Civil Rule 56(C) to establish that [appellee's] preparation of the parking area was negligently performed. Similarly, [appellant] failed to produce any evidence to show that [appellee] was actually aware of the alleged defect, or that [appellee] negligently failed to discover the existence of the defect. [Appellant's] opposition to [appellee's] motion [for summary judgment] consisted solely of its legal arguments presented in its brief."
It is from this judgment appellant appeals, advancing a single assignment of error and reiterating the arguments set forth in her response to appellee's motion for summary judgment.
Before addressing the merits of appellant's lone assignment of error, we will lay out the appropriate standard of review.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102,105, 1996-Ohio-336. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389; Leibreichv. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12; Bosticv. Connor (1988), 37 Ohio St.3d 144, 146.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
A party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresherv. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. Accordingly, the moving party must specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond, by affidavit or as otherwise provided in the rule, so as to demonstrate that there is a genuine issue of fact. Id. However, if the nonmoving party fails to do so, then the trial court may enter summary judgment against that party. Id.
In the instant matter, appellant argues the fact that the hole may not have been created by appellee does not foreclose her cause of action. Rather, appellant claims that since the hole was hidden and concealed, appellee had the duty to warn its invitees if it knew or had reason to know of the hidden danger.
To establish a claim for negligence, appellant, as the plaintiff in this matter, must demonstrate the following: "(1) that appellee owed a duty to appellant; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellant's injury; and (4) damages." Kornowski v. Chester Properties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 WL 895594, at 3.
During the summary judgment exercise, the parties did not seemingly dispute that appellant was a business invitee, that is "a person who comes upon the property by express or implied invitation for some purpose which is beneficial to the owner." Owens v. Taco Bell Corp. (June 21, 1996), 11th Dist. No. 95-L-180, 1996 WL 649131, at 3, citing Provencherv. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266 and Scheibel v.Lipton (1951), 156 Ohio St. 308, 328-329.
Arguably, the instant matter is comparable to a landlord/tenant situation. "[A]bsent a contractual duty assumed in the lease itself, there is no duty imposed upon a landlord * * * to keep common areas free of ice or snow for the safety of tenants. * * * Nevertheless, there are two exceptions to this general rule. First, a landlord may be liable if the tenant can show that the landlord had superior knowledge of the dangerous condition that caused the injury. * * * Moreover, a landlord may also be subject to liability if he or she has created a condition substantially more dangerous than would reasonably be expected by the tenant." (Citations omitted.) Peterson v. Coffman Bender (Sept. 15, 2000), 11th Dist. No. 99-P-0059, 2000 WL 1335674, at 3.
The point being is that a landlord cannot aggravate or worsen an existing and natural icy/snow condition, not that the landlord who undertakes to remove the ice/snow, has to do it perfectly. Similarly, a business owner who undertakes a reasonable inspection of an area, is not held to a one hundred percent success rate, if the inspection was reasonable under the circumstances. On natural ground, such defects as a hole are to be expected due to weather, animal activity and normal use of the property. Stein v. Oakwood (May 8, 1998), 2d Dist. No. 16776, 1998 WL 226324, at 6-7; Young v. Local 775 Hous. Assn. (May 30, 1997), 2d Dist. No. 16226, 1997 WL 282367, at 6. Moreover, such defects may not all be subject to discovery, even with a reasonable inspection.
In Robinson v. Martin Chevrolet, Inc. (May 28, 1999), 11th Dist. No. 98-T-0070, 1999 WL 417300, at 2, this court explained that a business entity owes an invitee a duty of reasonable care:
 "Under Ohio law, a [property owner] owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition but is not an insurer of its customer's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985), Ohio St.3d 203, 18 Ohio St.3d 203, 480 N.E.2d 474. The duty of the shopkeeper is to warn of latent or concealed perils, not those that are open and obvious. Keiser v. Giant Eagle, Inc. (1995), 103 Ohio App.3d 173, 176, 658 N.E.2d 1115.
 "In order to impose liability for injury to an invitee because of a dangerous condition of the premises * * *, the condition must have been known to the owner or occupant, or have existed for such a time that it was the duty of the owner or occupant to know of it. Tiberi v. Fisher Bros. Co. (1953), 96 Ohio App. 302, 303, 121 N.E.2d 694, 695. See also, Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 49 N.E.2d 925; Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, 92 N.E.2d 9; Presley v. Norwood (1973), 36 Ohio St.2d 29, 303 N.E.2d 81."
Thus, in order for appellant to prevail in this case as a business invitee, the following must be established:
 "`1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 `2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 `3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.'" (Emphasis added.) Owens at 3, quoting Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584, 589. See, also, Robinson at 2; Day v. Finast Supermarkets (May 14, 1999), 11th Dist. No. 97-T-0229, 1999 WL 315395, at 1.
With respect to the first factor, there is no evidence to indicate that appellee created the hole. As for the second factor, no evidence was submitted to show that any of appellee's employees or agents actually knew of the hole prior to appellant's incident. As to this point, Mr. Hopes, the vice-president of the Society, averred in his affidavit that prior to the festival, the field was free of holes:
 "9. That I have personal knowledge that prior to the Little Mountain Folk Festival which took place on July 24 and July 25, 1999, the Lake County Historical Society field utilized for the event and for the parking of motor vehicles was mowed, and inspected for holes, rocks, stumps, and other imperfections;
"* * *
 "11. That based on our inspection, the field and parking area for the Little Mountain Rock Festival were free of holes, rocks, stumps or other imperfections."
Given that appellee inspected and prepared the field for parking and foot traffic, appellant suggests that this raised an issue of fact as to whether appellee adequately and thoroughly inspected and prepared the area in a non-negligent manner. We disagree because, as the trial court recognized, appellant failed to produce any evidence tending to show that appellee's method of preparing and inspecting the field was negligent or unreasonable. Appellant has not provided any evidence that a better, more foolproof or more reasonable method of inspection of a natural field was available to appellee.
Finally, at to the third factor, appellant cannot demonstrate how long the hole had been in the grassy field prior to her stepping into it. Day
at 1-2 (holding that in order to establish constructive notice, the plaintiff must set forth evidence as to the length of time the hazard was present); Owens at 3.
As to this point, appellant submits that "[t]he evidence that this defect was substantial enough for [appellant] to insert her foot into it as she sustained her injury raises an inference that it had been there for a period of time sufficient to be discovered, corrected or warned about. Since [appellee] * * * admits that the area was inspected for defects shortly before the subject event, there certainly is a fair inference that the defect existed at that time. At least a sufficient inference to escape Summary Judgment."
What appellant fails to acknowledge is that she did not present any evidence showing that appellees knew or should have known about the hole, let alone how long the hole had been present. Therefore, it is unreasonable, without any other evidence, to conclude or even infer that merely because appellant inserted her foot into the hole and was injured that the hole had been present for a reasonable period of time for appellee to discover, Day, supra; Owens, supra, or that appellee had negligently prepared the field.
Furthermore, an owner owes business invitees a duty of ordinary care, which includes the duty "to maintain the premises in a reasonably safe condition and to warn invitees of latent [or concealed] defects of which the owner has or should have knowledge." (Emphasis added.) Kornowski at 3. Even if we assume, arguendo, in favor of appellant that the hole was latent or concealed, she has failed to present any evidence demonstrating that appellee knew or should have known of the hidden danger.
For instance, there was no evidence presented that appellee received complaints about holes being present in the field during the course of the festival. Nor were there any allegations that anyone else had fallen or been injured during the festival as a result of a hole in the field.
Based on the foregoing analysis, appellant's lone assignment of error is without merit, and the trial court did not err in granting appellee's motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] Missing from appellant's deposition was pages four and five and appellee's exhibits 1-5.
[2] We note that there is nothing in the record to indicate that those attending the festival were on notice that the field had been inspected by appellee.