SCHEETZ et al., Appellants,

v.

KENTWOOD, INC., Appellee.

[Cite as *Scheetz v. Kentwood, Inc.*, 152 Ohio App.3d 20, 2003-Ohio-1209.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2002–P–0043.

Decided March 14, 2003.

Walter J. Vogel and Alex C. Perris, for appellants.

Stephen J. Proe, for appellee.

---

DONALD R. FORD, Presiding Judge.

{¶ 1} Appellants, Myra J. Scheetz ("Mrs. Scheetz") and Frederick R. Scheetz ("Mr. Scheetz"), appeal from the April 11, 2002 judgment entry of the Portage County Common Pleas Court granting the motion for summary judgment of appellee, Kentwood, Inc.

{¶ 2} On October 15, 1999, Mrs. Scheetz attended a wedding rehearsal dinner at a restaurant operated by appellee. According to her deposition testimony, she left the rehearsal dinner at approximately 10:45 p.m. As Mrs. Scheetz was leaving the restaurant, she stepped off the curb into the parking lot, turned to her right, and then tripped over a ramp ("the ramp") that provided access to the restaurant for disabled individuals. There was no lighting in the parking lot at the time of her accident. The trial court found that the outside lights were in the process of being repaired and were not operational. As a result of her fall, Mrs. Scheetz damaged some of her teeth and possibly injured her hand and/or wrist.

{¶ 3} Appellants filed a complaint on February 16, 2001, in which they alleged that appellee was negligent in failing to provide adequate lighting in the vicinity of the restaurant. Appellants further alleged that Mrs. Scheetz had suffered damages in excess of $25,000 for pain and suffering, medical expenses, and disability resulting from the loss of her natural teeth and that Mr. Scheetz had been denied the normal benefits of consortium.

{¶ 4} An amended complaint was filed by appellants on May 29, 2001, in which they alleged that the construction of the ramp violated various provisions of the Americans with Disabilities Act ("the ADA").

{¶ 5} Appellee filed a motion for summary judgment on January 17, 2002. In its brief in support of the motion, appellee argued that it had no duty to illuminate the parking lot and that appellants had not provided any evidence that the ramp was defective. To support its assertion that appellants had failed to identify a genuine issue of material fact with respect to adequacy of the construction of the ramp, appellee referred to Mrs. Scheetz's own deposition testimony. Mrs. Scheetz's only statements with respect to possible defects in the ramp were "I heard the ramp is built wrong" and "[w]ell, [the ramp] could have been more rounded or something." Appellants filed their brief in opposition to appellee's motion on March 11, 2002. In its April 11, 2002 judgment entry, the trial court granted appellee's motion for summary judgment.

**22** 

{¶ 6} Appellants have filed a timely notice of appeal and make the following assignment of error:

{¶ 7} "The trial court erred when it ruled there was no genuine issue of material fact and the trial court erred when it did not construe issues of fact most strongly in [appellants'] favor as required by [Civ.R.] 56(C)."

{¶ 8} Civ.R. 56(C) provides that summary judgment is appropriate when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. The moving party has the burden to identify evidence that shows that the nonmoving party has no evidence to prove its case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once the moving party has met this burden, the nonmoving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. An appellate court conducts a de novo review of a trial court's judgment entry granting a motion for summary judgment, which means that no deference is shown to the trial court's decision. *Brady Lake v. Kent,* 148 Ohio App.3d 429, 2002-Ohio-3141, 773 N.E.2d 1073, at ¶ 11.

 {¶ 9} In their complaint, appellants alleged that appellee was negligent for failing to properly light the parking lot of the restaurant. The rule in Ohio is that " 'one who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night.' " *Ashbaugh v. Family Dollar Stores* (Jan. 20, 2000), 4th Dist. No. 99 CA 11, 2000 WL 146391, at * 7, quoting *Jeswald v. Hutt* (1968), 15 Ohio St.2d 224, 224, 44 O.O.2d 196, 239 N.E.2d 37, paragraph one of the syllabus (darkness is always a warning of danger); *Provateare v. Hausman Co.* (Apr. 29, 1999), 8th Dist. No. 74061, 1999 WL 258194, at * 2; *Davis v. Friendly's Ice Cream Corp.* (Sept. 27, 1995), 9th Dist. No. C.A. No. 17094, 1995 WL 569134, at * 2; *Meilink v. AAA Northwest Ohio* (Dec. 4, 1998), 6th Dist. No. L–98–1139, 1998 WL 833570, at * 2 (even if the owner of the premises provides some lighting, he has no duty to provide adequate lighting). Appellants have not identified any circumstances in the instant case that would suggest an exception to the rule that a business owner has no duty to light its parking lot.

{¶ 10} To establish a claim of negligence, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting from that breach. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 472 N.E.2d 707. Because appellee had no duty to provide lighting in

the restaurant parking lot, it could not have breached any such duty by failing to illuminate its parking lot on the night Mrs. Scheetz fell.

{¶ 11} In their amended complaint, appellants also raised the issue of whether the ramp complied with ADA requirements. We note initially, and appellants concede as much in their brief, that for an individual to recover on a claim of breach of statutory duty, he must be within the class for whose benefit the statute was enacted. *Smith v. Wal–Mart Stores, Inc.* (C.A.6, 1999), 167 F.3d 286, 293. Therefore, appellants cannot recover for a violation of the ADA because Mrs. Scheetz has made no showing that she suffers from a covered disability.

{¶ 12} Nevertheless, a showing that appellee violated an administrative rule may be admissible as evidence of general negligence. *Kornowski v. Chester Properties, Inc.* (June 30, 2000), 11th Dist. No. 99–G–2221, 2000 WL 895594, at * 4. In this case, appellee, in its brief in support of its motion for summary judgment, cited Mrs. Scheetz's deposition testimony with respect to the defects in the ramp. Clearly, her statements that the ramp could have been more rounded and that she had heard it did not comply with the ADA were not sufficient to create a genuine issue of material fact. Therefore, the burden shifted to appellants to provide evidence to support their assertion that appellee was negligent in the construction of the ramp. However, in their reply to appellee's motion, appellants failed to adduce any additional evidence on this issue, such as an affidavit of an expert indicating that the ramp was defective. Therefore, the trial court did not err in concluding that there was no issue of material fact with respect to possible defects in the construction of the ramp.

{¶ 13} Further, even if appellants had submitted a statement by an expert as to deficiencies in the construction of the ramp in terms of complying with the ADA, appellants have failed to show that such deficiencies were the proximate cause of Mrs. Scheetz's injuries. The ramp was designed to offer access to the restaurant from the parking lot for disabled persons. Obviously, the ramp was not designed to be traversed at the angle from which Mrs. Scheetz approached it. Any ramp, perfect or highly flawed, would pose a risk to an individual who failed to see it and tripped over it while approaching it from the side. Thus, not only have appellants failed to identify the alleged flaw in the ramp, they have also failed to provide any evidence to show that the alleged flaw was the proximate cause of Mrs. Scheetz's injuries.

{¶ 14} In sum, we conclude that as a matter of law, appellee had no duty to provide adequate lighting in its parking lot. Also, construing the evidence most strongly in favor of appellants, there are no facts in the record before us to indicate that appellee breached a duty to appellants in its construction of the ramp. Further, even if appellee had breached a duty in its construction of the

ramp, appellants have failed to demonstrate that the breach was the proximate cause of Mrs. Scheetz's injuries.

{¶ 15} For the foregoing reasons, appellants' sole assignment of error is overruled, and the judgment of the Portage County Court of Common Pleas is affirmed.

Judgment affirmed.

JUDITH A. CHRISTLEY and WILLIAM M. O'NEILL, JJ., concur.