OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Mildred L. Ryan appeals the December 12, 2003 Judgment Entry of the Licking County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees Chun Fa Guan and Indian Valley Plaza Ltd.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On March 6, 2002, appellant visited Hong Kong Super Buffet, a restaurant operated by appellee Chun Fa Guan under a lease from appellee Indian Valley Plaza, Ltd. After parking her car and walking a short distance to the curb of the building, appellant approached the entrance walkway and stepped onto the flared side of a curb ramp. Upon stepping up to the curb, appellant lost her balance and fell. Appellant alleges the ramp flare was approximately one and one-half times steeper than required by the applicable building codes.
{¶ 3} Appellant brought this action alleging negligence and premises liability against appellees for an eye injury suffered as a result of the fall at the entrance of the restaurant.
{¶ 4} On September 29, 2003, appellee Indian Valley Plaza, Ltd. filed a motion for summary judgment. Via Decision and Entry entered on December 12, 2003, the Licking County Court of Common Pleas granted judgment in favor of appellees. On December 18, 2003, the trial court amended the entry via a Nunc Pro Tunc Decision and Entry.
{¶ 5} It is from the December 12, 2003 entry and the December 18, 2003 nunc pro tunc entry appellant now appeals raising as the sole assignment of error:
{¶ 6} "I. The trial court committed prejudicial error in granting appellee's motion for summary judgment in that genuine issues of material fact existed and appellee was not entitled to judgment as a matter of law.
 I
{¶ 7} As a business invitee, appellees owed appellant a duty of ordinary care in maintaining the premises in a reasonably safe condition so as not to unreasonably expose her and other customers to danger. However, a business owner is not an insurer of a customer's safety.
{¶ 8} Appellant maintains the evidence clearly demonstrates appellees failed to place any warning sign, with respect to the illegally sloped curb ramp, prior to appellant's fall. Appellant argues the hazard was not open and obvious. Appellant asserts, even though the curb ramp itself was open and obvious, the hazard presented by the steep slope was not reasonably discernible. Appellant maintains the danger presented by the steep slope was latent and hidden, not open and obvious. We disagree.
{¶ 9} In Armstrong v. Best Buy Company, Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, the Ohio Supreme Court affirmed the open and obvious doctrine in Ohio. In Armstrong, a customer fell and injured himself on a shopping cart guard rail bracket. The Supreme Court articulated the certified question before it as whether case law has abrogated the open and obvious doctrine as a complete bar to recovery, and instead requires courts to apply the principles of comparative negligence. The Supreme Court noted the open and obvious doctrine is not an issue related to causation, but rather addresses a landowner's duty to persons injured on the property.
{¶ 10} The Supreme Court in Armstrong discussed the rationale underlying the open and obvious doctrine. The rationale is the open and obvious nature of the hazard itself serves as a warning, and thus, the owner or occupier may reasonably expect the persons entering the premises will discover the dangers and take appropriate measures to protect themselves. Armstrong at 80, citing Simmers v. Bentley Construction Company (1992),64 Ohio St.3d 642, 644. The court noted a shopkeeper owes a duty to its business invitees to exercise ordinary care in maintaining the premises in a reasonably safe condition, and has a duty to warn of latent or hidden dangers, Id. The court found when the doctrine of open and obvious is applicable, it obviates the duty to warn and acts as a complete bar to any negligence claim. Id.
{¶ 11} Armstrong indicates whether a condition is open and obvious is not a question for the jury, but a question of duty, which is a question of law for the court to decide. Thus, the issue is proper for summary judgment.
{¶ 12} We find the hazard presented by the slope was open and obvious, even though the exact degree of the slope was unknown. Business invitees entering the premises could ascertain the ramp was sloped; therefore, the danger was open and obvious. Appellees' failure to provide notice of the exact slope degree of the curb ramp does not render the curb ramp a latent, hidden danger.
{¶ 13} Accordingly, the trial court did not error in granting summary judgment in appellees' favor.
{¶ 14} The judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.