OPINION
{¶ 1} Adriana Costilla ("Costilla") appeals from the trial court's grant of summary judgment in favor of appellees on Costilla's personal injury and property damage claims. We affirm.
 {¶ 2} On July 29, 2001, Costilla went to the home of her cousin, Theresa Patrick, and Theresa's husband Andrew ("the Patricks"), in Ravenna, Ohio. The Patricks rented the home from appellees. As Costilla pulled into the Patricks' driveway, she noticed Andrew standing next to his van, which was parked at the end of the driveway, near the back of the house. As Costilla proceeded down the driveway, the underside of her car struck a raised portion of concrete. The car came to an abrupt stop and Costilla hit her head on the car windshield, suffering personal injury. The protruding concrete also caused serious damage to Costilla's car.
 {¶ 3} Costilla filed suit against appellees, the owners of the property, alleging claims for personal injury and property damage. Appellees moved for summary judgment on the grounds the defect in the driveway was open and obvious. The trial court granted appellees' motion for summary judgment. Costilla appeals, raising one assignment of error, "The trial court erred when it granted defendants' motion for summary judgment."
 {¶ 4} We review a grant of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Thus, we review the trial court's grant of summary judgment independently and without deference to its determination. Lexford Prop. Mgmt.,L.L.C. v. Lexford Prop. Mgmt., Inc., 147 Ohio App.3d 312,2001-Ohio-4363, ¶ 10.
 {¶ 5} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis Day Warehousing, Inc.
(1978), 54 Ohio St.2d 64, 66.
 {¶ 6} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
 {¶ 7} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id.
 {¶ 8} We first note neither party has accurately identified the correct legal standard for determining the duty, if any, owed by appellees to Costilla. Both parties argue Costilla was an invitee; and that appellees owed her a duty to maintain the premises in a reasonably safe condition and warn of latent defects. This is incorrect.
 {¶ 9} Costilla was a guest of the Patricks; the Patricks were the lessees of the premises. In Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, the Ohio Supreme Court resolved the issue of the duty of care owed by landlords to the social guests of tenants. The Supreme Court rejected the common law distinctions of trespasser, invitee, and licensee, and held a landlord owes the same duty to social guests of a tenant as to the tenant himself. Id. at 419; see also,Primes v. Milbry (Nov. 19, 1997), 9th Dist. No. 18236, 1997 Ohio App. LEXIS 5180, 3-4. Generally, a landlord owes no legal duty to a tenant. Id. citing Shump, at 417; however, there are several exceptions to this rule. Shump, at 418. One exception is the landlords "concealment [of] or failure to disclose known, nonobvious latent defects." Id.
 {¶ 10} In the instant case, Costilla argues a genuine issue of material fact exists as to whether the protruding concrete was open and obvious. Costilla's argument can be best stated as, "I had never seen the protruding concrete before, and I did not see it when I pulled into the driveway, so it could not have been open and obvious."
 {¶ 11} In support of her argument, Costilla contends Andrew Patrick had always parked his van over the defect, so she had no knowledge of the existence of the condition. She also argues that because Andrew Patrick parked his van in that spot, she would have no reason to expect she could not park her car there. She contends these facts also create a genuine issue as to whether she should have recognized the condition posed a risk to her safety.
 {¶ 12} The open-and-obvious doctrine "states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." Armstrong v. BestBuy Co., Inc., 99 Ohio St.3d 79, 80, 2003-Ohio-2573, citingSidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Under this doctrine, the nature of the hazard serves as a warning and the owner may reasonably expect a person entering the property to discover the danger and take steps to protect himself. Id.
 {¶ 13} The open-and-obvious doctrine relates to the threshold issue in a negligence action: duty. Id. at 82. If the hazard is open and obvious, the landowner owes no duty to take further action to protect the injured party. Id.
 {¶ 14} In the instant case, the hazard posed by the condition of the driveway was open and obvious. Costilla admitted as much when she testified at her deposition that had she looked, she would have seen the hazard. Therefore, appellees owed no duty to Costilla. See, generally, Id. at 83. Appellant's sole assignment of error is without merit.
 {¶ 15} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.