**STEWART et al., Appellants,**

v.

**LAKE COUNTY HISTORICAL SOCIETY, INC., Appellee, et al.**

[Cite as *Stewart v. Lake Cty. Historical Soc.*, 169 Ohio App.3d 1, 2006-Ohio-4822.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2004–L–164.

Decided Sept. 15, 2006.

Mark M. Simonelli Co., L.P.A., and Mark M. Simonelli, for appellants.

Law Offices of William M. Kovach & Associates, Kathleen M. Sweeney, and Robert P. Lynch Jr., for appellee.

---

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} Appellants, Donna J. Stewart ("Donna") and David M. Stewart ("David"), appeal from a judgment entry of the Lake County Court of Common Pleas, granting summary judgment in favor of appellee, Lake County Historical Society, Inc. For the following reasons, we reverse and remand.

**4**

{¶ 2} On November 13, 2003, appellants filed a complaint with the Lake County Court of Common Pleas. The complaint named appellee as a defendant and asserted that Donna was injured due to appellee's negligence. Specifically, it alleged that appellee failed to properly construct and maintain a ramp on its premises, as required by the Americans with Disabilities Act ("ADA"). The complaint concluded that the defective ramp caused Donna to slip and fall while traversing the ramp, causing an injury to her arm. Appellants requested damages predicated upon negligence and loss of consortium.

{¶ 3} Appellee timely answered, contending that appellants had failed to state a claim for relief. Thereafter, appellee moved for summary judgment. Appellee's motion for summary judgment maintained that Donna was not disabled as defined under the ADA and that appellee had no notice or knowledge of the defect.

{¶ 4} Attached to appellee's motion for summary judgment were Donna's deposition testimony and photographic exhibits of the outdoor ramp. Donna's testimony established that she was a seasonal volunteer for appellee from the spring of 2001 until the accident occurred on June 6, 2002. The evidence showed that appellee, as a nonprofit organization, used volunteer carpenters to construct the ramp during the year 2001. Donna stated that she had traversed the ramp on many previous occasions without incident. Her testimony further established that hundreds of school children had also used the ramp without incident.

{¶ 5} Donna testified that on June 6, 2002, her right leg slipped out from underneath her body as she began to walk down the ramp. She landed on her right elbow, causing a fracture.

{¶ 6} Appellants' brief in opposition maintained that appellee had admitted that the ramp did not comply with ADA standards. Attached to appellants' brief in opposition was a letter from a consultant acknowledging that the ramp exceeded the maximum slope allowed by the ADA. Also attached to appellants' brief in opposition was appellee's admission that the ramp did not conform to ADA standards.

{¶ 7} After reviewing the parties' submissions, the trial court granted summary judgment in favor of appellee. The court found that although Donna did not qualify as disabled under the ADA, the ramp's failure to comply with ADA standards could be considered evidence of negligence. The trial court did not consider the violation of the ADA as negligence per se. The trial court's judgment entry focused on the duty owed to disabled persons under the ADA. The court determined that this matter turned solely upon whether appellee had knowledge of the defect in the ramp and that the open-and-obvious doctrine was irrelevant.

{¶ 8} Ultimately, the trial court found that there was no genuine issue of material fact regarding causation. It determined that appellee had neither notice nor knowledge of the defect and was not negligent. From this judgment, appellants filed a timely appeal setting forth the following assignment of error.

{¶ 9} "Defendant's motion for summary judgment was granted in error, as there was a material question of fact and therefore, Defendant was not entitled to judgment as a matter of law."

{¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.* (1993), 67 Ohio St.3d 266, 268, 617 N.E.2d 1068. Summary judgment is not a case-management tool. It should be used cautiously and with due regard for the facts in evidence, because it permanently settles the claims and liabilities of the parties without affording the litigants the benefit of trial by their peers.

{¶ 11} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Turner,* 67 Ohio St.3d at 340, 617 N.E.2d 1123.

{¶ 12} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact on an essential element of the nonmoving party's claim. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. The moving party must be able to point to some evidence of the type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support its claim. Id. at 293, 662 N.E.2d 264.

{¶ 13} If the moving party fails to satisfy this initial burden, summary judgment should be denied. *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. However, if this initial burden is met, the nonmoving party has a reciprocal

burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.

{¶ 14} Under their sole assignment of error, appellants argue that the trial court erred by granting summary judgment in favor of appellee. Specifically, they contend that sufficient evidence was produced to establish a genuine issue of material fact as to their claims.

{¶ 15} At the outset, we note that despite a preexisting hand injury, Donna does not qualify as a disabled individual under the ADA. See, e.g., *House v. Kirtland Capital Partners*, 158 Ohio App.3d 68, 2004-Ohio-3688, 814 N.E.2d 65, at ¶ 34–37. To establish a claim of negligence, appellants must prove the following: "(1) that appellee owed a duty to appellants; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellants' injury; and (4) damages." *Kornowski v. Chester Properties, Inc.* (June 30, 2000), 11th Dist. No. 99–G–2221, 2000 WL 895594.

{¶ 16} With that in mind, we note that it is undisputed that Donna, as a seasonal volunteer, was a business invitee of appellee. A business invitee is defined as "a person who comes upon the property by express or implied invitation for some purpose which is beneficial to the owner." *Owens v. Taco Bell Corp.* (June 21, 1996), 11th Dist. No. 95–L–180, 1996 WL 649131, citing *Provencher v. Ohio Dept. of Transp.* (1990), 49 Ohio St.3d 265, 265–266, 551 N.E.2d 1257.

{¶ 17} Appellee owed its business invitees a duty of reasonable care in maintaining its premises in a safe condition. *Hudspath v. Cafaro Co.*, 11th Dist. No. 2004–A–0073, 2005-Ohio-6911, 2005 WL 3528896, at ¶ 9. This means that appellee is under a duty to maintain its premises in a reasonably safe condition and to warn business invitees of latent or concealed defects of which appellee has knowledge or should have knowledge. *Kubiszak v. Rini's Supermarket* (1991), 77 Ohio App.3d 679, 686, 603 N.E.2d 308. Appellee is not, however, an insurer of a business invitee's safety. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474.

{¶ 18} R.C. 3781.111(B) requires all the standards and rules adopted by the board of building standards to comply with the ADA. The ramp at issue was noncompliant with applicable building standards as established under R.C. 3781.111, potentially subjecting appellee to penalties pursuant to R.C. 3781.99. The evidence shows that the ramp was used generally, though not exclusively, for pedestrian and disabled access and egress. Appellee argues that it either had no knowledge of the defective ramp, or should not be deemed to have possessed such knowledge, and thus was without notice. Furthermore, appellee argues that appellants are not entitled to rely on the potential defect in the ramp because Donna was not disabled.

{¶ 19} Appellees are not seeking redress under the ADA, nor do they allege that Donna was disabled. They allege violation of the building standards promulgated under the ADA and adopted by reference in R.C. 3781.111(B). The legislature has imposed a duty on property owners to construct handicapped-accessible ramps in compliance with the ADA and applicable building standards. Once a property owner authorizes the construction of a ramp, it is responsible for inspections and for insuring the ramp's compliance with all applicable building codes and laws. It is unimaginable that a nonresidential property owner, holding its premises open to the public, could construct poorly engineered ramps for its exits, in lieu of stairs, and escape liability because nondisabled persons use them.

{¶ 20} "[I]n order to impose liability for injury to an invitee because of a dangerous condition of the premises * * *, the condition must have been known to the owner or occupant, or have existed for such a time that it was the duty of the owner or occupant to know of it." *Tiberi v. Fisher Bros. Co.* (1953), 96 Ohio App. 302, 303, 54 O.O. 313, 121 N.E.2d 694. See, also, *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81.

{¶ 21} Appellee's admission concedes that the ramp violated ADA require-ments. Specifically, the slope of the ramp exceeded the maximum slope allowed by the ADA. Here, appellants presented evidence establishing a genuine issue of material fact as to whether the ramp had a substantial defect and whether appellee was negligent in constructing or maintaining the ramp.

{¶ 22} Moreover, appellee failed to present evidence demonstrating that there was no genuine issue of material fact relating to the element of proximate cause. Appellees' complaint states that the sole cause of Donna's fall and injury was the defective condition of the ramp. Her deposition testimony demonstrates that the defective condition of the ramp was the proximate cause of her injury. Donna did not testify that there was an additional contributing factor, i.e., water or ice, that caused her injury. Violation of a statute or the Administrative Code does not necessarily establish strict liability in negligence or negligence per se. However, in these summary-judgment proceedings, the evidence that the ramp failed to meet ADA criteria is evidence of negligence, which should have been construed in appellants' favor.

{¶ 23} The trial court correctly found that the open-and-obvious doctrine was irrelevant in this case. The open-and-obvious doctrine relates to the threshold duty element in a negligence action. *Costilla v. LeMC Ents.*, 11th Dist. No. 2003–P–0116, 2004-Ohio-6944, 2004 WL 2937415, at ¶ 13. That is, if a hazard is open and obvious, then a landowner owes no duty to take further action to protect an injured party. Id. "[A] hazard is open and obvious if it is observable,

i.e., it is known to the invitee or so obvious that he or she may reasonably be expected to discover it." *Fink v. Gully Brook, Inc.,* 11th Dist. No. 2004–L–109, 2005-Ohio-6567, 2005 WL 3366964, at ¶ 16. See, also, *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 95.

{¶ 24} Here, the hazard created by the defective ramp could not be observed by Donna. The defect and hazard were due to the slope of the ramp exceeding ADA standards. Without knowledge of the maximum-slope requirements, a business invitee would be unable to determine that the defective ramp's slope was potentially hazardous. Accordingly, the open-and-obvious doctrine was not applicable.

{¶ 25} We agree with the trial court that at trial, the resolution of this case will turn on the issue of appellee's notice or knowledge of the ramp's defects. In premises-liability cases, when proceeding via summary judgment, the Ohio Supreme Court has held:

{¶ 26} " 'We disagree with [the] contention that an invitee must demonstrate that a peril was actually known to the owner of [the] premises. The better view is that once the evidence establishes that a dangerous condition existed, and that it is a condition about which the owner should have known, evidence of actual knowledge on [the owner's] part is unnecessary.

{¶ 27} " ' "[T]he obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, *but he must also inspect the premises to discover possible dangerous conditions of which he does not know,* and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Prosser on Torts (4 Ed.), 392–393 (1971).' " (Emphasis sic.) *Ferguson v. Eastwood Mall, Inc.* (Dec. 4, 1998), 11th Dist. No. 97–T–0215, 1998 WL 964570, quoting *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 52, 7 O.O.3d 130, 372 N.E.2d 335.

{¶ 28} Accordingly, appellee had an affirmative duty to inspect its premises for defective or dangerous conditions that might involve an unreasonable risk of harm to an invitee. *Perry,* 53 Ohio St.2d at 52, 7 O.O.3d 130, 372 N.E.2d 335; *Ferguson* at 5, 1998 WL 964570. See, also, *Davis v. Tell Realty* (Mar. 9, 2001), 11th Dist. Nos. 2000–P–0006 and 2000–P–0007, 2001 WL 252812. Appellee is charged with constructive knowledge of a defect or danger if a reasonable inspection of the premises would have revealed it. *Ferguson* at 5, 1998 WL 964570.

{¶ 29} In this case, the evidence demonstrated that the defective ramp had been in use for approximately one year. Donna testified that she had never slipped on the ramp previously and was unaware of any prior accidents involving the ramp and a third party. However, she did take precautions, i.e., sweeping leaves off the ramp, to safeguard against any accidents.

{¶ 30} Although this evidence tends to show that appellee had no actual knowledge of the ramp's defect, it did not relieve appellee from its duty to adequately inspect the ramp. Again, if a reasonable inspection would have revealed the defect or danger, appellee will be charged with constructive knowledge of the defect or danger. *Perry*, 53 Ohio St.2d at 52, 7 O.O.3d 130, 372 N.E.2d 335.

{¶ 31} In *Ferguson*, the plaintiff was injured due to a defective bench located in a mall concourse. Plaintiff, a business invitee, filed a claim for negligence against the mall. Ultimately, the trial court granted summary judgment in favor of the mall.

{¶ 32} On appeal, this court reversed the judgment of the trial court and remanded the matter. We held that plaintiff's inability to perceive the defective condition of the mall benches and the absence of any prior accidents involving the benches did not relieve the defendant of its duty to perform reasonable inspections. Id. at 3–6, 1998 WL 964570. Therefore, the mall's failure to inspect the benches would result in the mall's constructive knowledge of the defective bench. Id. at 6–7, 1998 WL 964570.

{¶ 33} Appellee failed to present evidence that any inspection of the ramp was made prior to the accident, to determine whether the ramp failed to comply with the ADA or posed a foreseeable danger to invitees. Appellants submitted the consultant's letter, which established that the slope of the ramp was more than two times the maximum slope allowed by the ADA. The letter further stated that a visual assessment, standing alone, revealed the defect. Moreover, the letter noted that a simple measurement of the height and length of the ramp would have verified this defect.

{¶ 34} Construing this evidence most strongly in favor of appellants, we conclude that genuine issues of material fact remain with respect to appellee's constructive knowledge of the ramp's defect, its potential negligence and breach of duty in constructing or inspecting the ramp, and whether the ramp's defect caused appellants' damages. The trial court erred in granting summary judgment in favor of appellee based upon appellee's lack of actual knowledge regarding the ramp's defective condition.

{¶ 35} Based upon the foregoing analysis, appellants' sole assignment of error has merit. We hereby reverse the judgment of the trial court and remand this matter for further proceedings consistent with our opinion.

Judgment reversed
and cause remanded.

RICE, concurs in judgment only.

GRENDELL, J., dissents.

DIANE V. GRENDELL, Judge, dissenting.

{¶ 36} I respectfully dissent from the majority's opinion overturning the grant of summary judgment to the Lake County Historical Society ("the Society") in this "slip and fall" case.

{¶ 37} The Society's duty toward Stewart was to maintain its premises in a reasonably safe condition and to provide her with warnings of latent or concealed hazards of which the Society had, or should have had, knowledge. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 5. "In order to establish actionable negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 271.

{¶ 38} In the present case, there is no hazard or defect or unreasonably unsafe condition upon which to premise liability.

{¶ 39} The sole basis for the majority's reversal is the fact that the slope of the ramp leading up to the school house has a steeper grade than is allowed by the Americans with Disabilities Act. It is undisputed that Stewart is not disabled and not entitled to the protections afforded by the ADA. Accordingly, Stewart's negligence claim cannot be based on a violation of the ADA. *Scheetz v. Kentwood, Inc.*, 152 Ohio App.3d 20, 2003-Ohio-1209, 786 N.E.2d 501, at ¶ 11 ("appellants cannot recover for a violation of the ADA because Mrs. Scheetz has made no showing that she suffers from a covered disability"); *Souther v. Preble Cty. Dist. Library*, 12th Dist. No. CA2005–04–006, 2006-Ohio-1893, 2006 WL 998188, at ¶ 30.

{¶ 40} The majority avoids this difficulty by taking the position that although a violation of the ADA does not establish strict liability or negligence per se, "the evidence that the ramp failed to meet ADA criteria is evidence of negligence, which should have been construed in appellant's favor." Therefore, "the resolution of this case will turn on the issue of appellee's notice or knowledge of the ramp's defects." The majority's position is fatally flawed.

{¶ 41} In order to have a valid premises-liability case, it must be shown that the slope of the ramp constituted an unreasonably hazardous condition. The only "evidence" in the record that the slope of the ramp is such a hazard is the fact that it violates the ADA standards. To hold that the violation of ADA standards creates an issue of genuine material fact, in effect, is to hold that the violation is evidence of negligence per se.

{¶ 42} This court has held that the violation of an administrative rule "may be admissible as evidence of general negligence." *Scheetz*, 152 Ohio App.3d 20, 2003-Ohio-1209, 786 N.E.2d 501, at ¶ 12. In this case, the violation is not evidence of general negligence because the violated rule does not have a general application. The standards of the ADA are designed for the protection of "disabled" persons. The fact that the slope of the ramp exceeds ADA standards would be some evidence of negligence if, and only if, Stewart was a disabled person. In other words, the slope of the Society's ramp could be considered potentially dangerous to a disabled person, but not to Stewart.

{¶ 43} In Stewart's case, the standard to be applied is one of reasonableness, i.e., whether the slope of the ramp is so high as to render the ramp unreasonably hazardous. The majority does not address this critical issue. In the majority's opinion, the only thing defective or dangerous about the ramp is that its slope exceeds ADA standards.

{¶ 44} Beyond the ADA violation, there is nothing to suggest that the slope of the ramp is unreasonably steep. The pictures of the ramp in the record do not reveal a particularly steep grade to the ramp. Stewart had used the ramp "a lot" for about a year prior to her accident, and at no time prior to the accident was she concerned by the slope of the ramp. Stewart testified that children used the ramp to enter and exit the school house, observing that "a lot of times the kids will use the ramp and they run down it." However, there is no evidence that, prior to Stewart's fall, anyone was known to have been injured using the ramp or to have complained about its slope.

{¶ 45} Most notably, Stewart does not claim that the ramp was unreasonably steep. Rather, in her deposition, Stewart testified that the only problem she had traversing the ramp was that it became slippery when wet. Stewart testified that she often swept the ramp when it was wet to remove leaves and other debris and that she thought it could have been made of a different, less slippery material. Neither of these concerns involve the grade of the ramp. The ADA standards for the slope of the ramp are not relevant under the facts of this case.

{¶ 46} The only reasonable interpretation of the evidence is that the slope of the ramp constituted, if anything, an insubstantial defect, not an unreasonably dangerous condition. *Raflo v. Losantiville Country Club* (1973), 34 Ohio St.2d 1, 4, 63 O.O.2d 1, 295 N.E.2d 202; *Kornowski v. Chester Properties, Inc.* (June 30,

2000), 11th Dist. No. 99–G–2221, 2000 WL 895594 ("[a] premise is not considered unreasonably dangerous where the defect is insubstantial and of the type that a passerby commonly encounters").

{¶ 47} Assuming, arguendo, that the slope was unreasonably high or that the ramp was otherwise negligently constructed (although there is no evidence of this), summary judgment would still be appropriate because Stewart would have been aware of these hazards. As the Ohio Supreme Court has held, "[o]ne who enters a building by traversing a step described as 'abnormally high,' is charged with knowledge of the presence of that abnormality upon exiting." *Raflo*, 34 Ohio St.2d 1, 63 O.O.2d 1, 295 N.E.2d 202, at paragraph two of the syllabus. In regard to the slope of the ramp, Stewart had traversed the allegedly hazardously steep ramp repeatedly over the course of the year. She must be charged with knowledge of the condition. *Stein v. Honeybaked Ham Co.*, 9th Dist. No. 22904, 2006-Ohio-1490, 2006 WL 786509, at ¶ 17 ("the slope of a wheelchair accessibility ramp poses an open and obvious danger that an invitee may reasonably be expected to protect against any attendant danger"); *Ryan v. Guan*, 5th Dist. No. 2003CA00110, 2004-Ohio-4032, 2004 WL 1728519, at ¶ 12 ("[b]usiness invitees entering the premises could ascertain the ramp was sloped; therefore, the danger was open and obvious").

{¶ 48} Likewise, in regard to the ramp being slippery when wet, not only had Stewart repeatedly traversed the ramp while wet, she testified that she knew it was slippery when wet, as it was on the day that she fell. Again, she must be charged with knowledge.[1]

{¶ 49} For the foregoing reasons, I would affirm the grant of summary judgment in favor of the Lake County Historical Society.

---

1. Regarding Stewart's knowledge, the majority advances the peculiar argument that "without knowledge of the maximum slope requirements, a business invitee would be unable to determine that the defective ramp's slope was potentially hazardous." With all due respect to the majority, the potentially hazardous condition of the ramp is best gauged by looking at it or, perhaps, walking it, not by measuring it. *Ryan*, 2004-Ohio-4032, 2004 WL 1728519, at ¶ 12 ("the hazard presented by the slope was open and obvious, even though the exact degree of the slope was unknown"). Moreover, the unreasonableness of the condition must flow from the condition itself, not from governmental regulation of the condition. " 'Proof of negligence in the air,' " or, in this case, in the statutes, "will not do." *Palsgraf v. Long Island RR. Co.* (N.Y.1928), 248 N.Y. 339, 341, 162 N.E. 99.