STEWART ET AL., APPELLEES, *v.* LAKE COUNTY HISTORICAL SOCIETY, INC.,

APPELLANT, ET AL.

[Cite as *Stewart v. Lake Cty. Historical Soc., Inc.,*

124 Ohio St.3d 219, 2009-Ohio-6427.]

*Court of appeals' judgment reversed on the authority of Lang v. Holly Hill Motel,*

*Inc.*

(No. 2006-2029 — Submitted November 17, 2009 — Decided

December 15, 2009.)

APPEAL from the Court of Appeals for Lake County, No. 2004-L-164,

169 Ohio App.3d 1, 2006-Ohio-4822.

_____

**{¶ 1}** The judgment of the court of appeals is reversed on the authority of *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

**{¶ 2}** I respectfully dissent from the majority's decision to reverse on authority of *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120. We originally held this case for the decision in case No. 2006-0189, *Uddin v. Embassy Suites Hotel*.[1] When *Uddin* was dismissed as having

_____

1. *Stewart v. Lake Cty. Historical Soc., Inc.*, 112 Ohio St. 3d 1469, 2007-Ohio-388, 861 N.E.2d 143.

been improvidently accepted,[2] we held  this case for the decision in case Nos. 2007-0288 and 2007-0410, *Ahmad v. AK Steel Corp.*[3]  *Ahmad*, however, met the same fate as *Uddin*,[4] and so we held this case for *Lang*.[5]

{¶ 3}  After we issued the *Lang*  decision, we did not then resolve this case on the basis of *Lang* but instead ordered briefing.  *Stewart*, 122 Ohio St.3d 1404, 2009-Ohio-2745, 907 N.E.2d 1189.  The order was issued because we recognized that *Lang* does not answer the current question.  First, *Lang* involved violations of the Ohio building code, while this case involves standards promulgated under the Americans with Disabilities Act of 1990 ("ADA").[6] Second, the proposition differs.  Stewart has asked us to decide whether evidence of noncompliance with ADA regulations governing the slope of ramps may be used to show negligence when the injured person is not a protected person within the ADA's meaning.  Third, in *Lang*, the decision was reached in part because the plaintiffs conceded that the condition of the steps was an open and obvious danger.  The same is not true in this case because whether the ramp was an open and obvious danger to Stewart is disputed.  The majority fails to recognize these distinctions and blindly applies *Lang*.

{¶ 4}  More troubling, however, is that the issues presented are not properly before this court.  When Lake County Historical Society, Inc. ("Lake County Historical") filed a motion for summary judgment in the trial court, it argued three theories: (1) that the condition of the ramp was open and obvious, (2)

---

2. *Uddin*, 113 Ohio St.3d 1249, 2007-Ohio-1791, 864 N.E.2d 638.

3. *Stewart,* 113 Ohio St. 3d 1485, 2007-Ohio-1986, 865 N.E.2d 910.

4. *Ahmad*, 119 Ohio St. 3d 1210, 2008-Ohio-4082, 893 N.E.2d 1287.

5. *Stewart*, 119 Ohio St.3d 1425, 2008-Ohio-4170, 892 N.E.2d 452.

6. Section 12101 et seq., Title 42, U.S.Code, and adopted by reference in R.C. 3781.111(B)(1).

that Lake County Historical did not have notice of a defect with the ramp, and ( 3) that the ADA did not apply. The trial court ruled against Lake County Historical on the first theory, stating that the open-and-obvious doctrine was not applicable. The trial court also rejected the third theory and found that evidence of a violation of the ADA standard could be used to prove negligence. Nevertheless, the trial court granted summary judgment to Lake County Historical on the second theory, finding that Lake County Historical did not have notice of a defect. The Stewarts appealed, but Lake County Historical did not cross-appeal and, therefore, failed to preserve its arguments regarding the open-and-obvious doctrine and the ADA.[7] The Eleventh District's reversal on the notice issue (a proposition of law this court declined to accept) does not revive those arguments.

{¶ 5} I therefore dissent and reluctantly conclude that this case should be dismissed as having been improvidently accepted.

PFEIFER, J., concurs in the foregoing opinion.

_____

Petersen & Ibold, Inc., and Todd Petersen, for appellees.

Gallagher Sharp, Timothy J. Fitzgerald, and Colleen A. Mountcastle, for appellant.

_____

---

7. In its brief to the appellate court, Lake County Historical acknowledged that the open-and-obvious doctrine was not before the Eleventh District: "[Stewart's] brief argues that Summary Judgment should have been denied [Lake County Historical] because there were material questions of fact. [Stewart] first argues the issue of open and obvious. However, as much as [Lake County Historical] believes that open and obvious is a viable defense to [Stewart's] claim of negligence based on all the facts in evidence, the trial court did not base its ruling on the defense of open and obvious. Therefore, [Lake County Historical] will not reassert those arguments herein. They were made in [Lake County Historical's] Motion for Summary Judgment."