OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, John Abbott, appeals from a judgment of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellee, Sears Roebuck Co.[1] For the reasons that follow, we reverse the judgment of the trial court with respect to appellant's negligence claim and remand this matter for further proceedings.
 {¶ 2} The record discloses the following facts. On September 3, 2001, appellant and his wife, Bernice Abbott ("Bernice"), entered appellee's store premises to purchase paint. After purchasing the paint, appellant and Bernice proceeded toward the store's exit. Bernice was walking in front of appellant, while appellant was close behind, carrying the paint and a cane. Approximately five feet behind appellant was David Currie ("Mr. Currie"), a part-time employee of appellee. As appellant approached the store's exit, he was tripped by overlapping carpet mats and fell upon the threshold of the exit door. Mr. Currie witnessed appellant trip and fall and assisted him following the incident.
 {¶ 3} On April 23, 2002, appellant and Bernice filed a joint complaint in the Trumbull County Court of Common Pleas, naming appellee as the defendant party. The complaint claimed that appellee had negligently maintained its store premises and failed to protect appellant, as a business invitee, from the dangerous condition which caused his fall and resultant injuries. Bernice further stated a claim for loss of consortium based upon appellee's alleged negligence. Both claims requested damages in excess of $25,000.
 {¶ 4} Appellee timely answered and proceeded to file a motion for summary judgment on all claims. The motion for summary judgment argued that the overlapping carpet mats, which appellant tripped over, represented an open and obvious danger. Thus, appellee maintained that appellant and Bernice were precluded from establishing their negligence claim.
 {¶ 5} Appellant and Bernice responded by filing a brief in opposition. The brief in opposition maintained that because the similarly colored carpet mats overlapped each other, they created a slight rise or gap which caused appellant to trip and fall. Ultimately, the brief in opposition concluded that the condition of the overlapping carpet mats created a concealed danger and, therefore, the open and obvious defense was not applicable.
 {¶ 6} Appellee then countered by filing a reply to appellant's brief in opposition. In short, the reply argued that the instant matter was distinguishable from the case law cited to in the brief in opposition.
 {¶ 7} After reviewing the submissions and evidence before it, the trial court issued a judgment entry granting summary judgment in favor of appellee. The court's judgment entry stated that there was no genuine issue of material fact and reasonable minds could come to but one conclusion, and that conclusion was adverse to appellant and Bernice.
 {¶ 8} From this judgment, appellant filed a timely notice of appeal and now sets for the following assignment of error for our consideration:
 {¶ 9} "The lower court erred in granting summary judgment to defendant since defendant created a hidden, camouflaged and treacherous defect by stacking and overlapping two similar, large, dark-colored carpet mats in a high traffic walkway, thereby creating a hazard that was neither open nor obvious."
 {¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Under Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can reach only one conclusion, which is adverse to the party against whom the motion is made, such party being entitled to have the evidence construed most strongly in their favor. Civ.R. 56; Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385; Leibreich v. A.J. Refrigeration,Inc. (1993), 67 Ohio St.3d 266, 273.
 {¶ 11} Material facts are defined as facts that might affect the outcome of the suit under the governing law of the case.Turner v. Turner (1993), 67 Ohio St.3d 337, 340, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248. To ascertain what constitutes a genuine issue, the court must resolve whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 12} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresherv. Burt (1996), 75 Ohio St.3d 280. Accordingly, the moving party must point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. If the moving party satisfies its initial burden under Civ.R. 56(C), the nonmoving party has the burden to respond as provided in the rule, so as to demonstrate that there is no genuine issue of a material fact. Id. However, if the nonmoving party fails to meet this burden, then the trial court may enter summary judgment against that party. Id.
 {¶ 13} At the outset, we note that various portions of relevant deposition testimony and exhibits, relied upon by appellee in support of its motion for summary judgment, are either absent from the record or incomplete. At the trial court level and on appeal, appellee cited to these missing or incomplete portions of evidentiary material. The missing or incomplete evidentiary material include the following: (1) appellee failed to submit or file the transcript of Mr. Currie's deposition testimony with the trial court;[2] (2) absent are two separate photographic exhibits showing the condition of the overlapping carpet mats; these exhibits were admitted during Mr. Currie's deposition testimony; and (3) the transcript of appellant's deposition testimony, although filed with the trial court, is missing every even numbered page of the transcript.[3]
 {¶ 14} Pursuant to Civ.R. 56(C), appellee, as the moving party, had the initial burden of supplying the trial court with the proper evidentiary material to demonstrate that there was no genuine issue of material fact as to appellant's negligence claim. As mentioned previously, appellee's motion for summary judgment relied heavily upon the missing evidentiary material to establish that the overlapping carpet mats represented an open and obvious danger.
 {¶ 15} Furthermore, we note that appellant failed to object to those missing or incomplete portions of appellee's evidentiary submissions. Generally, a party's failure to object to the propriety of evidence submitted in support of a motion for summary judgment constitutes a waiver of any alleged error in the consideration of such evidence. See, e.g., Boydston v. NorfolkS. Corp. (1991), 73 Ohio App.3d 727, 731, fn. 2, (noting that although the depositions before the trial court were not properly filed, the opposing party's failure to object allowed the trial court to consider the submitted depositions). See, also,Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, 407, (This court held that although appellant failed to certify the deposition, such failure was not objected to by the opposing party and, therefore, the trial court could consider the deposition.).
 {¶ 16} The instant case, however, is distinguishable from the aforementioned cases. Specifically, the propriety of the evidence in this case is a non-issue, as the evidence relied upon by appellee was simply not submitted to the trial court. Thus, appellant's failure to object did not preclude him from alleging that the evidence that was before the trial court failed to demonstrate that there was no genuine issue of material fact.[4]
 {¶ 17} That being said, the following elements are required to establish a negligence claim: "(1) that appellee owed a duty to appellant; (2) that appellee breached that duty; (3) that appellee's breach of duty directly and proximately caused appellant's injury; and (4) damages." Kornowski v. ChesterProperties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221, 2000 Ohio App. LEXIS 3001, at 7.
 {¶ 18} It is well-established by Ohio law that a merchant is under a duty to maintain its premises in a reasonably safe condition and warn business invitees of latent or concealed defects of which the merchant has knowledge or should have knowledge. Kubiszak v. Rini's Supermarket (1991),77 Ohio App.3d 679. A merchant is not, however, an insurer of a business invitee's safety. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203.
 {¶ 19} Under the open and obvious doctrine, a merchant has no duty to warn or protect a business invitee against dangers which are known to such invitee or those which are so obvious and apparent to such invitee that he or she may reasonably be expected to discover them. Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. Instead, business invitees are expected to discover open and obvious dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642. Consequently, "if a hazard is open and obvious, the plaintiff will be unable to demonstrate the existence of a duty on the part of the defendant, and the issues of breach and proximate cause are never reached." Ward v. Wal-Mart Stores,Inc., 11th Dist. No. 2000-L-171, 2001-Ohio-4041, 2001 Ohio App. LEXIS 6006, at 5.
 {¶ 20} In support of its summary judgment contention that the overlapping carpet mats represented an open and obvious danger, appellee cited to various portions of appellant's deposition testimony which allegedly demonstrated that appellant admitted the following: (1) that he had been in and out of the same door many times before; (2) that his view of the carpet mats was not obstructed; and (3) that he was not looking down at the carpet mats, but rather looking forward.
 {¶ 21} Despite appellant's reliance upon these relevant admissions, a review of appellant's deposition testimony reveals that all the admissions are missing from the transcript. Because these portions of appellant's deposition testimony were not before the trial court, appellee is precluded from relying upon such evidence to establish that there was no genuine issue of material fact. Civ.R. 56(C).
 {¶ 22} It is clear that the aforementioned admissions were material to appellee's claim that the overlapping carpet mats were an open and obvious danger. See, e.g., Ward at 10-11, (stating that the plaintiff's familiarity of the area surrounding the danger, the absence of any obstruction impeding the plaintiff's view of the danger, and the plaintiff's admission that she failed to recognize an open and large danger were sufficient facts to demonstrate that the danger was open and obvious). See, also, Hobart v. Newton Falls, 11th Dist. No. 2002-T-0122, 2003-Ohio-5004, at ¶ 12. Moreover, the only other evidence depicting the surrounding circumstances of appellant's trip and fall are described by the deposition testimony of Bernice and an affidavit attested to by Mr. Currie. Neither of these submissions presented material evidence relating to whether the overlapping carpet mats were an open and obvious danger.
 {¶ 23} Accordingly, appellee failed to provide sufficient evidence demonstrating its initial burden that there was no genuine issue of material fact relating to whether the overlapping carpet mats were an open and obvious danger. Thus, on this basis, the trial court erred in granting summary judgment in favor of appellee.
 {¶ 24} Moreover, "in order to impose liability for injury to an invitee because of a dangerous condition of the premises * * *, the condition must have been known to the owner or occupant, or have existed for such a time that it was the duty of the owner or occupant to know of it." Tiberi v. Fisher Bros.Co. (1953), 96 Ohio App. 302, 303. See, also, Presley v.Norwood (1973), 36 Ohio St.2d 29.
 {¶ 25} Thus, in order for appellant to prevail in this case, one the following factors must be established:
 {¶ 26} "`1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 27} `2. That at least one such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 28} `3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.'" Owens v. Taco Bell Corp. (June 21, 1996), 11th Dist. No. 95-L-180, 1996 Ohio App. LEXIS 2579, at 8, quoting Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589.
 {¶ 29} Mr. Currie's affidavit acknowledged that the carpet mats were overlapping each other at the time of the accident. He further stated that the carpet mats overlapping each other represented their "ordinary position" and have remained in this position since appellant's trip and fall. Such evidence demonstrates a genuine issue of material fact as to whether appellee was responsible for the hazard complained of; namely, that the overlapping carpet mats created a concealed danger. Thus, summary judgment was also not proper on this basis.
 {¶ 30} Based upon the foregoing analysis, appellant's sole assignment of error is with merit, as there are genuine issues of material fact regarding appellant's negligence claim. Therefore, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with our opinion.
Ford, P.J., Rice, J., concur.
[1] Although appellant's appellate brief also names his wife, Bernice Abbott, as an appealing party, the notice of appeal only expressly names John Abbott as the party on appeal. Because Bernice Abbott is not a named party to this appeal, we will only recognize John Abbott as an appealing party. App.R. 3(A); App.R. 3(B).
[2] Although appellee filed a notice of filing the deposition transcript with the trial court, the record before us, and the court's docketing statement, demonstrate that the transcript of Mr. Currie's deposition testimony was never filed with the trial court.
[3] Two photocopied photographic exhibits were attached to the transcript of appellant's deposition testimony. However, the photocopied pictures are indecipherable and fail to provide any material evidence.
[4] Moreover, appellant would be unaware of the missing or insufficient evidentiary material filed with the trial court, thereby precluding any objection.