OPINION
{¶ 1} Appellant, Charles M. Brown ("Brown"), appeals the February 27, 2004 judgment entry of the Common Pleas Court of Marion County granting summary judgment in favor of appellee, Whirlpool Corporation, Inc. ("Whirlpool").
 {¶ 2} Brown was employed with Triad Transportation, Inc., a scrap metal business in Marion, Ohio, on August 2, 1999. As part of his normal daily routine, Brown drove to the Whirlpool plant in Marion, Ohio to collect scrap cardboard. At Whirlpool, Brown drove a roll-up truck and backed the truck up to a large metal container that stored scrap cardboard. As part of his routine, Brown attached the bedrails of the truck to the metal container. The metal storage container for the cardboard is attached to the compactor-ram unit. The compactor-ram unit compresses the cardboard into the metal storage container.
 {¶ 3} Brown was required to walk around the sides of the metal storage container and the compactor-ram unit in order to attach the metal storage container to the truck so it could be pulled away from the compactor-ram unit. After attaching the metal storage container to his truck, Brown would pull the container forward several feet. This part of the procedure moved the metal storage container away from the compactor-ram unit. Brown would then walk to the space of several feet he created by pulling the metal container forward and pick up any cardboard that had fallen out of the metal storage container. Brown would place this cardboard back into the compactor-ram unit.
 {¶ 4} On August 2, 1999, and recently prior to this date, a hydraulic oil-like substance has been present around the compactor-ram unit. Brown testified that he had observed this substance around the compactor-ram unit on this day. Brown also testified that he frequently saw oil on the floor in the area of the compactor-ram unit. Approximately three weeks prior to this date, Brown had been advised by a maintenance worker at Whirlpool that there was an oil leak in the compactor unit. While performing his duty of picking up pieces of cardboard that had fallen from the metal storage container on August 2, 1999, Brown slipped on a hydraulic oil-like substance. Brown claimed he did not see the substance before he slipped because the oil-like substance was hidden by a piece of cardboard that was laying over it. Brown also claimed that he had not previously seen the substance in the exact location where it was on the day he fell.
 {¶ 5} Brown originally filed a complaint in the Common Pleas Court of Marion County on July 10, 2001. This case was dismissed on June 17, 2002 pursuant to Civ.R. 41(A). Brown refiled his complaint on June 16, 2003 alleging negligence on the part of Whirlpool. Whirlpool filed its answer on July 9, 2003 denying the allegations. Whirlpool then filed a motion for summary judgment on July 21, 2003. Brown filed a memorandum contra Whirlpool's motion for summary judgment on January 27, 2004. The court found that there was no genuine issue of material fact and granted Whirlpool's motion for summary judgment on February 27, 2004. It is from this judgment that Brown now appeals asserting the following three assignments of error.
The trial court committed error prejudicial to theplaintiffs-appellants in determining that there is no genuineissue of material fact — said determination being contrary tolaw.
 The trial court committed error prejudicial to theplaintiffs-appellants in determining that there is no genuineissue of material fact — said determination being an abuse ofdiscretion.
 The trial court committed error prejudicial to theplaintiffs-appellants by failing to apply the principles setforth in Cremeans v. Willmar Henderson Mfg. Co.
 {¶ 6} In his first and second assignments of error, Brown argues that the trial court erred in granting summary judgment to Whirlpool because genuine issues of material fact exist. Brown argues that the open and obvious doctrine does not apply to the case because the oil that Brown slipped on was not observable.
 {¶ 7} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 8} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus, 526 N.E.2d 798. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 360, 1992-Ohio-95,604 N.E.2d 138. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be granted. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
 {¶ 9} To prevail on a claim for negligence, Brown must demonstrate the existence of a duty of care on the part of Whirlpool, a breach of that duty, and injury proximately caused by the breach. See Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265. "It logically follows that in the absence of a duty, no actionable negligence arises." Kraner v.Legg, 3d Dist. No. 10-2000-04, 2000-Ohio-1907, 2000 WL 924809, *2.
 {¶ 10} A business owner generally owes a duty of ordinary and reasonable care for the safety of its invitees. Id. Thus, the business owner has an obligation to keep the premises in a reasonably safe condition. Id., citing Perry v. Eastgreen RealtyCo. (1978), 53 Ohio St.2d 51, 53, 372 N.E.2d 335. A business owner is not required to act as an insurer of the safety of its invitees, but has the duty to warn of known latent dangers.Kraner, 2000-Ohio-1907, citing Perry, 53 Ohio St.2d at 52. However, an owner is under no duty to protect business invitees from dangers which are open and obvious. Kraner,
2000-Ohio-1907.
 {¶ 11} The Ohio Supreme Court, in Armstrong v. Best Buy Co.,Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, upheld the viability of the "open and obvious" doctrine in Ohio. This doctrine states that "a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious." Id. at ¶ 5, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus, 233 N.E.2d 589. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Armstrong, 2003-Ohio-2573, at ¶ 5, citing Simmers v. Bentley Constr. Co., 64 Ohio St.3d 642,644, 1992-Ohio-42, 597 N.E.2d 504. When the open and obvious doctrine is applicable it obviates the duty to warn and acts as a complete bar to recovery. Armstrong, 2003-Ohio-2573, at ¶ 5.
 {¶ 12} In his complaint, Brown argued that he was a frequenter of Whirlpool's plant and was owed a duty of care pursuant to R.C. 4101.11, a "safe-place statute." This Court has held that a frequenter is owed the same duty as an ordinary business invitee. Sandrin v. Tobin, Mercer App. No. 10-2000-16, 2001-Ohio-2157, citing Kraner, 2000-Ohio-1907. Therefore, the open and obvious doctrine would be applicable to Brown as a frequenter of Whirlpool's plant. Although Brown argues that the open and obvious doctrine does not apply to the facts of this case, we disagree.
 {¶ 13} According to Brown's deposition, he was aware of the presence of the oil-like substance on the floor in the area of the compactor unit on the day in which he fell. Brown also admitted that he had seen oil in this area frequently before and that, in fact, it was a regular occurrence to see oil in this area. Further, Brown acknowledged that approximately three weeks before his fall he had been told by a maintenance worker at Whirlpool that the cardboard compactor unit was leaking. Brown's testimony shows that Brown was aware of the oil-like substance on the floor near the compactor unit at the time of his fall. Brown's testimony also shows that Brown was on notice that oil would be on the floor in the area of the compactor unit even if he did not see each and every spot in which there was oil.
 {¶ 14} The Tenth District Court of Appeals, in Campagna v.Clark Grave Vault Co., 10th Dist. No. 02AP-1106, 2003-Ohio-6301, recently upheld its prior statement that "the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Id. at ¶ 12, citing Lydic v. Lowe's Companies,Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. The record reveals that even if Brown did not see the exact spot of oil on which he slipped, the presence of the oil was certainly observable to him. A reasonable person would consider the risk and exercise caution when working in an area with oil on the floor.
 {¶ 15} Our independent review of the record leads us to conclude that Whirlpool did not owe a duty to Brown due to the open and obvious nature of the hazard involved. Therefore, we find that there is no genuine issue of material fact with respect to Brown's claim of negligence. We hold that the trial court did not err in granting summary judgment in favor of Whirlpool. Accordingly, Brown's first and second assignments of error are overruled.
 {¶ 16} In his third assignment of error, Brown argues that the court should have applied the principles set forth inCremeans v. Willmar Henderson Mfg. Co., (1991),57 Ohio St.3d 145, 566 N.E.2d 1203. Brown alleges that in the Cremeans case the Ohio Supreme Court abrogated the defense of assumption of risk in employment situations. Therefore, Brown argues that the holding of Cremeans should also be utilized to abrogate the concept of the open and obvious doctrine in employment situations. We disagree with Brown regarding the applicability of the Cremeans holding.
 {¶ 17} The Cremeans case is a products liability case. The Supreme Court stated that the first issue presented by the appeal was "whether the defense of assumption of risk bar[red] Cremeans from recovery on his products liability claim against Willmar based upon strict liability in tort." Id. at 147. Cremeans was injured when he drove a Willmar loader into a fertilizer bin to retrieve fertilizer and an avalanche occurred within the bin causing fertilizer to land on the front end of the loader. Cremeans was injured as a result of the fertilizer landing on the loader. The loader was manufactured by Willmar and sold to Cremeans' employer without any type of protective cage or structures, although such structures were a standard feature for the loader. Cremeans' employer had requested that the loader not be equipped with the protective structures and required Cremeans to operate the loader as part of his duties. Cremeans would not have sustained injury had the loader been equipped with these protective structures.
 {¶ 18} Brown likens his situation to the facts in theCremeans case; however, Brown never alleged that he was injured by a defective product provided by his employer. Rather, Brown alleges that he was required by his employer to pick up the cardboard that had fallen out of the cardboard storage unit and, thus, his situation is similar to that in the Cremeans case. While Brown was required to walk around the storage unit and pick up cardboard that had fallen out, there is no evidence that Brown's employer dictated a manner in which Brown should complete this task which required him to step in the oil-like substance on the floor. Brown's situation is not analogous to that in theCremeans case and, therefore, the open and obvious doctrine is applicable to Brown's case.
 {¶ 19} We simply cannot extend the holding of Cremeans to abrogate the open and obvious doctrine in light of the Ohio Supreme Court's recent decision in Armstrong, 2003-Ohio-2573, at syllabus, which clearly held that the open and obvious doctrine remains viable in Ohio. Accordingly, Brown's third assignment of error is overruled.
 {¶ 20} Having found no merit with Brown's assignments of error, the judgment of the Common Pleas Court of Marion County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.