OPINION
{¶ 1} Appellant, Ann D. Fink, appeals the judgment of the Lake County Court of Common Pleas awarding summary judgment in favor of appellees, Gully Brook, Inc., et al.
 {¶ 2} On November 10, 2002, appellant, a schoolteacher, and her husband visited a condominium project under development in Willoughby, Ohio. The couple was contemplating purchasing a condominium following appellant's retirement. They entered the model home and spoke with appellee Danny Linc and another realtor about the home. The model version was outside their price range; however, Linc explained she had duplexes available which were less expensive. Linc informed them of an uncompleted duplex within walking distance they could look at if they wished. She told them they could enter the duplex if it was unlocked and look around.
 {¶ 3} Appellant and her husband accepted this offer and proceeded down the street to the home. Upon arrival, they observed the duplex was still under construction, the yard was unfinished, and there was no walkway leading to the door. Appellant testified the yard was primarily dirt, but it did not appear dangerous. However, she stated she used greater caution while walking on the dirt than she would while walking on pavement. The couple entered the unfinished yard and proceeded toward the porch. Appellant's husband arrived at the door without problem. Appellant crossed the majority of the yard without incident; however, as she arrived at the porch, her foot sunk several inches into the ground prompting her to fall and break her shoulder.
 {¶ 4} On July 28, 2003, appellant filed a complaint alleging injuries resulting from appellees' negligence. On April 16, 2004, after discovery, appellees moved for summary judgment. In their motion, appellees argued they owed appellant no duty of care. Specifically, they asserted: (1) the alleged defect was trivial and not unreasonably dangerous; (2) appellees had no knowledge of the alleged defect; (3) if the alleged defect was substantial, it was open and obvious.
 {¶ 5} On May 24, 2004, appellant filed her motion in opposition in which she argued the defect was substantial and it was not open and obvious. Appellant attached an affidavit to her motion authored by Carmen Caimi, a construction expert. In the affidavit, Caimi testified that the yard in which appellant fell had been "rough graded." Ground which has been rough graded remains unsettled for a period of time. Caimi stated that the unsettled ground can "shift" or "give way" when a person walks upon it and thus would not be safe for pedestrian travel.
 {¶ 6} After considering the arguments, the trial court awarded appellees summary judgment on June 9, 2004. The court determined the alleged hazard causing appellant's injuries was open and obvious. Accordingly, the court ruled appellees were entitled to judgment as a matter of law. Appellant filed the instant appeal and assigns one error for our review:
 {¶ 7} "The trial court erred in granting defendants' motion for summary judgment."
 {¶ 8} We review a trial court's decision granting summary judgment de novo. Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002-Ohio-2443, ¶ 15. The standard used when considering a motion for summary judgment is set forth in Civ.R. 56(C). To prevail, the moving party must demonstrate (1) no genuine issue of material fact remains to be litigated; (2) he or she is entitled to judgment as a matter of law; and (3) after viewing the evidence in a light most favorable to the non-moving party it appears from the evidence that reasonable minds can come to but one conclusion, and, that conclusion is adverse to the non-moving party. Tomlin v. National City Corp., 11th Dist. No. 2003-T-0158, 2004-Ohio-6938, at ¶ 9.
 {¶ 9} In addressing a motion for summary judgment, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided a party must prevail as a matter of law. Turner v.Turner, 67 Ohio St.3d 337, 340, 1993-Ohio-176.
 {¶ 10} In her sole assignment of error, appellant argues the trial court erred in awarding appellees summary judgment because reasonable minds could differ as to whether the defect which caused her fall was open and obvious.
 {¶ 11} To establish a negligence claim, a plaintiff must demonstrate "the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefore." Thrash v. U-Drive-It Co. (1953), 158 Ohio St. 465, paragraph one of the syllabus.
 {¶ 12} "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has a duty to warn its invitees of latent or hidden dangers." Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 80, 2003-Ohio-2573. However, under the open and obvious doctrine, a business owner has no duty to warn or protect a business invitee against dangers which are known to the invitee or those which are so obvious that he or she may reasonably be expected to discover them. Abbott v. Sears, Roebuck Co., 11th Dist. No. 2003-T0-085, 2004-Ohio-5106, at ¶ 19. Rather, business invitees are expected to discover open and obvious dangers and take appropriate steps to protect themselves. Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 644. Where a hazard is open and obvious, a business owner owes no duty to an invitee and it is unnecessary to consider the issues of breach and causation.Ward v. Wal-Mart Stores, Inc. (Dec. 28, 2001), 11th Dist. No. 2000-L-171, 2001 Ohio App. LEXIS 6006, 5.
 {¶ 13} It is worth noting a "plaintiff does not have to actually observe the dangerous condition for it to be an open and obvious condition under the law. Rather, the determinative issue is whether the condition is observable." Schmitt v. Duke Realty,LP, 10th Dist. No. 04AP-251, 2005-Ohio-4245, at ¶ 10; see also,Brown v. Whirlpool Corp., 3d Dist. No. 9-04-12, 2004-Ohio-5101, at ¶ 14. The determination of the existence and the obviousness of a danger purported to exist on a premises requires an extremely fact-specific inquiry and must be analyzed on a case by case basis. See, generally, Henry v. Dollar General Store, 2d Dist. No. 2002-CA-47, 2003-Ohio-206 ¶ 16; see also, Miller v.Beer Barrel Saloon (May 24, 1991), 6th Dist. No. 90-OT-050, 1991 Ohio App. LEXIS 2375, at 7.
 {¶ 14} Appellees do not dispute appellant's status as a business invitee. In awarding appellees summary judgment, however, the trial court determined the hazard which allegedly caused appellant's fall and injury was open and obvious thereby abrogating any duty of care appellees owed appellant. The trial court reasoned "the openness and obviousness of the soft and uneven condition of the dirt served as sufficient warning to plaintiff to alert her to the presence of the condition and to enable her to protect herself from losing her balance and falling."
 {¶ 15} In her deposition, appellant testified the unfinished condominium had no sidewalks leading up to the front door; rather, a party wishing to enter was required to tread across an unfinished yard. Appellant stated the yard was made up of dirt and dirt clumps. Appellant recognized walking upon the unfinished yard would require more caution than walking on pavement. However, appellant testified, the yard did not appear hazardous and, as she and her husband were not warned about the possibility of unsettled ground sinking under their feet, she did not consider any such dangers.
 {¶ 16} With these facts in mind, we hold the trial court erred in awarding summary judgment to appellees. As indicated supra, a hazard is open and obvious if it is observable, i.e., it is known to the invitee or so obvious that he or she may reasonably be expected to discover it. Schmitt, Abbott, supra. Here, while the yard was unfinished, we cannot say, as a matter of law, appellant "knew" she would sink in the yard as she did; moreover, the yard had a uniform "roughness" and appellant was able to walk across part of the yard without issue. These facts, in conjunction with appellants' testimony that the yard did not appear dangerous, creates a genuine issue of material fact as to whether appellant could be reasonably expected to discover the hazard in question.
 {¶ 17} Moreover, in its judgment entry, the court appears to confuse the yard and its appearance with the instrumentality which allegedly caused appellant's fall. That is, the soft, uneven ground and the clods of dirt may have been open and obvious. However, the hazard which allegedly caused appellant's fall was not the soft, uneven yard in general, but the latent hazard of non-compacted or unsettled earth. Appellant testified she walked across most of the soft, uneven yard without incident. It was not until she arrived at the steps to the condominium that her foot sank in the earth and she fell. Appellant stated she observed nothing to indicate she would sink in this manner.
 {¶ 18} The record indicates appellant approached the soft, uneven yard with some degree of caution, i.e., greater caution than walking upon pavement. However, after walking across the greater part of the yard, appellant stepped in an area which unexpectedly "gave way." Appellant's expert testified via affidavit that such hazards are common subsequent to "rough-grading" a yard. However, appellant is not a contractor or a construction specialist. Accordingly, we cannot impute this awareness to her. When the facts are viewed most strongly in appellant's favor, we cannot say the existence of the patch of unsettled earth in the yard, unobservable by visual inspection, was open and obvious as a matter of law.
 {¶ 19} For the above reasons, appellant's sole assignment of error has merit and the judgment of the Lake County Court of Common Pleas is hereby reversed and this matter is remanded for proceedings consistent with this opinion.
O'Neill, J., O'Toole, J., concur.