OPINION
{¶ 1} Appellant, Ms. Delores M. Briel, appeals from the February 6, 2007 judgment entry of the Ashtabula County Court of Common Pleas awarding summary judgment in favor of appellee, Dollar General Store. For the following reasons, we reverse.
 {¶ 2} Substantive and Procedural History
 {¶ 3} At approximately 10:00 a.m. on May 19, 2005, appellant, Ms. Delores M. Briel ("Ms. Briel"), visited appellee, the Dollar General Store ("Dollar General") in order *Page 2 
to purchase a baby shower card. Upon her entrance to the store, Ms. Lynn Hamilton ("Ms. Hamilton"), the store manager, warned her that the weekly product shipment had just been delivered the previous night, and to be careful since there were boxes lined up along the aisles. Since Ms. Briel could not locate the type of card she was seeking, she inquired to Ms. Hamilton where the cards were located. Ms. Hamilton led her to the card aisle, which was partially obstructed by a stack of boxes. To enter or exit from that entrance of the aisle required Ms. Hamilton to "scoot" between a stack of boxes and a pole.
 {¶ 4} A subsequent search revealed that the cards were not located in that particular aisle. Ms. Hamilton then proceeded to another area of the store in search of the cards, located them, and indicated to Ms. Briel that she found them. Ms. Briel proceeded towards Ms. Hamilton, and as she was "scooting" between the pole and the waist high stack of boxes, she caught her foot on a box that was slightly protruding from the bottom of the stack, tripped, and fell.
 {¶ 5} Ms. Briel shouted out for help and began to cry, clutching her shoulder. Ms. Hamilton called Ms. Briel's daughter and EMS, both of whom arrived to the scene shortly thereafter. Ms. Briel suffered a broken shoulder, torn rotator cuff, and broken ribs. Ms. Hamilton inspected the area for the protruding box, however, she was unable to find it.
 {¶ 6} On May 1, 2006, Ms. Briel filed a complaint, alleging that Dollar General was negligent as a business invitee in failing to provide safe premises; and that as a direct and proximate result of Dollar General's negligence, she sustained temporary and permanent injuries, pain, and suffering, as well as emotional distress, restriction of *Page 3 
activities, and incurred medical expenses, to her legal detriment, in excess of $25,000. Dollar General answered on March 20, 2006, denying the allegations, and then subsequently filed a motion for summary judgment on June 9, 2006.
 {¶ 7} In the brief attached to their motion for summary judgment, Dollar General argued that summary judgment was warranted since they owed no duty as a business licensee to Ms. Briel for failing to observe an open and obvious danger of which she was very much aware.
 {¶ 8} Ms. Briel filed her motion in opposition on August 21, 2006, in which she argued that the box that caused her fall was not open and obvious because it was stacked underneath the other boxes. While Ms. Briel averred that the stack of boxes may have been an open and obvious condition, she argued that she did not observe the protruding box since she failed to look down, and that even if the stack of boxes was an open and obvious condition, sufficient attendant circumstances existed to overcome such a defense. Specifically, Ms. Briel contended that it was unreasonable for Ms. Hamilton to tell Ms. Briel to stay where she was and that she would locate the cards and that it was unreasonable that the only method of passing through the aisle was to "scoot" between the pole and stack of boxes. Furthermore, in order to do so, she was unable to look down and watch her feet since she was carefully trying to maneuver between them. Thus, even if the alleged defect was an open and obvious condition, Dollar General was still under a duty of care since the attendant circumstances surrounding the fall were an excusable distraction that increased the risk of walking by the stack of boxes. *Page 4 
 {¶ 9} In addition, Ms. Briel argued that her deposition should not be considered because she misunderstood Dollar General's counsel's question when he asked her several times as to how far the box was protruding from the stack of boxes. At her deposition on May 9, 2006, Ms. Briel estimated the protrusion to be about eighteen inches long. However, in her brief in opposition, she argued that she misunderstood the question and that her affidavit attached to her motion in opposition should be considered in order to clarify her confusion.
 {¶ 10} In the affidavit, she attested that upon review of her deposition, she realized that Dollar General's counsel was inquiring as to how far the box was protruding from the stack, and not, as she believed, how large the protruding box was compared to the rest of the stack. She concluded that she was unable to indicate how far it was sticking out, but that it could not have been more than a few inches. She also alleged that Ms. Hamilton did not warn her or indicate that she should stay put until Ms. Hamilton located the cards.
 {¶ 11} Dollar General filed a leave to reply. However, the court denied the motion in a judgment entry on February 6, 2007, and in the same entry awarded summary judgment to Dollar General. In reaching its conclusion, the court found there were no disputed issues of material fact since the protruding box was "visible and not hidden or obstructed in any way," and by Ms. Briel's own admission, she simply failed to observe the condition because she did not look down.
 {¶ 12} Ms. Briel timely appeals and raises the following two assignments of error:
 {¶ 13} "[1.] The trial court improperly determined that the box or piece of box at the bottom of the stack of boxes was an open and obvious condition. *Page 5 
 {¶ 14} "[2.] Even assuming that the stack of boxes or protruding box at the bottom of the stack causing Appellant's fall was an open and obvious condition, the trial court failed to recognize and determine that sufficient attendant circumstances existed to overcome such defense."
 {¶ 15} Summary Judgment
 {¶ 16} In her both of her assignments of error, Ms. Briel raises the overarching issue of whether the court erred in awarding summary judgment in favor of Dollar General. Specifically, Ms. Briel contends that the trial court erred in finding that the stack of boxes was an open and obvious danger and that even if it was, in light of the attendant circumstances surrounding the incident, the open and obvious defense can not apply.
 {¶ 17} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, ¶ 8, citing Hapgood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, ¶ 13. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." Id.
 {¶ 18} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that *Page 6 
demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v. Wheeler (1988), 38 Ohio St.3d 112."Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, ¶ 40.
 {¶ 19} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, is too broad and fails to account for the burden Civ.R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMisteff. (Emphasis added.)" Id. at ¶ 41.
 {¶ 20} The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the *Page 7 
basis for the motion, "and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Id. at 276. (Emphasis added.)" Id. at ¶ 42.
 {¶ 21} Furthermore, "[t]o establish a negligence claim, a plaintiff must demonstrate "the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefore."Fink v. Gully Brook, Inc., 11th Dist. No. 2004-L-109, 2005-Ohio-6567, ¶ 11, citing Thrash v. U-Drive-It Co. (1953), 158 Ohio St. 465, paragraph one of the syllabus.
 {¶ 22} The Open and Obvious Doctrine
 {¶ 23} In her first assignment of error, Ms. Briel contends that the protruding box that caused her fall was not an open and obvious condition because the box was located at the bottom of the stack of boxes. Since she had to "scoot" between the stack of boxes and the pole, the protruding box was further concealed, thus she noticed the protruding box only after she caught her foot, tripped, and fell. We find this argument to have merit insofar as there is a genuine material issue of fact as to whether the protruding box was indeed so "open and obvious" as to negate Dollar General's duty owed to its business invitees to keep its premises safe.
 {¶ 24} "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has a duty to warn its invites of latent or hidden dangers."Fink at ¶ 12, citing Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,80, 2003-Ohio-2573. "However, under the open and obvious doctrine, a business owner has no duty to warn or protect a business invitee against *Page 8 
dangers which are known to the invitee or those which are so obvious that he or she may reasonably be expected to discover them." Id., citingAbbott v. Sears, Roebuck Co., 11th Dist. No. 2003-T-0085,2004-Ohio-5106, ¶ 19. "Rather, business invitees are expected to discover open and obvious dangers and take appropriate steps to protect themselves. Id., citing Simmers v. Bentley Constr Co. (1992),64 Ohio St.3d 642, 644. "Where a hazard is open and obvious, a business owner owes no duty to an invitee and it is unnecessary to consider the issues of breach and causation." Id., citing Ward v. Wal-Mart Stores, Inc.
(Dec. 28, 2001), 11th Dist. No. 2000-L-171, 2001-Ohio-4041, p. 5.
 {¶ 25} As the Supreme Court of Ohio emphasized in theArmstrong, the emphasis in analyzing open and obvious danger cases relates to the threshold issue of duty. "[T]he rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiffs conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to absolve the plaintiff." Id. at 82.
 {¶ 26} We note at the outset that the fact that Ms. Briel did not look down as she "scooted" between the stack of boxes and the pole is not the determinative issue since "* * * the danger does not actually have to be observed by the plaintiff in order for it to be an open and obvious condition under the law." Konet v. Glassman, Inc., 11th Dist. No. 2004-L-151, 2005-Ohio-5280, ¶ 33, citing Lydic v. Lowe's Companies,Inc., 10th Dist. No. 01AP-1432, 2002-Ohio-5001, ¶ 10. "Rather the determinative issue is whether the condition was observable." Id. *Page 9 
 {¶ 27} Moreover, a review of the depositions of Ms. Briel and Ms. Hamilton reveals that the protruding box was not clearly so open and obvious of a condition. Ms. Briel testified at her May 9, 2005 deposition that she did not notice the protruding box when she first passed between the boxes and the pole to enter the aisle, or the second time on her exit until she was in the process of falling. When asked whether there was an obstacle in her way to obscure her view of the box, she stated in the negative and further replied "there was nothing block — it wasn't sticking out that far, you know. It was only sticking out a little bit and I didn't notice it going in and I didn't notice it going out but I did notice it for a moment, as I was falling." Furthermore, it appears Ms. Briel was forced to exit between the pole and the stack of boxes since she testified that although one could use the other end of the aisle as a walkway, it was not possible that day because it was a smaller aisle and had boxes stacked against it, which made it impassable. Thus, as to Ms. Briel, the protruding box was clearly not an open and obvious condition.
 {¶ 28} Dollar General's employee, Ms. Hamilton, did not rebut this issue, but rather, corroborated Ms. Briel's testimony that the protruding box was not so observable as to constitute an open and obvious condition. Specifically, in her August 3, 2006 deposition, Ms. Hamilton testified that she did not know what caused Ms. Briel's fall, nor did she observe the protruding box upon inspection after Ms. Briel fell. Ms. Hamilton and Ms. Briel's counsel engaged in the following colloquy at her deposition:
 {¶ 29} "Mr. Guice [counsel for Dollar General]: No, you didn't observe her, or no, you don't know what caused her to fall?"
 {¶ 30} "Ms. Hamilton: No, I don't know what caused her to fall." *Page 10 
 {¶ 31} "Mr. Iarocci [Ms. Briel's counsel]: But you attempted to learn, you investigated, you inspected, you looked to see what might have caused her fall?"
 {¶ 32} "Ms. Hamilton: I looked to see what tried to cause it, yeah, but . . ."
 {¶ 33} "Mr. Iarocci: And you were not able to find it?"
 {¶ 34} "Ms. Hamilton: No."
 {¶ 35} "Mr. Iarocci: Did you happen to find any boxes that were displaced, different from the other boxes after she fell?"
 {¶ 36} "Ms. Hamilton: No."
 {¶ 37} Dollar General has not presented evidentiary materials demonstrating an absence of a genuine issue of material fact. That is, the evidence Dollar General attached to its motion by way of Ms. Hamilton's deposition, clearly demonstrates that there is a genuine issue of material fact to be determined by a jury as Ms. Hamilton did not see the protruding box even upon an inspection that she conducted following Ms. Briel's fall. On summary judgment, it is axiomatic that "[t]he moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Welch at ¶ 37, citingBrunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶ 12, citing Dresher at 292. In this case, Dollar General failed to introduce evidence that the protruding box was an open and obvious condition. Ms. Briel's testimony demonstrates that there is a genuine issue of material fact, which Dollar General failed to rebut. In essence, reasonable minds could conclude that the protruding box was not sufficiently observable as to *Page 11 
constitute an "open and obvious" danger, and consequently, there is question as to whether Ms. Briel had a duty to self-protect.
 {¶ 38} In addition, we find there is merit in Ms. Briel's second assignment of error insofar as there is a genuine issue of material fact as to whether the attendant circumstances of trying to circumvent between a pole and a stack of boxes, and the fact that the other entrance of the aisle was blocked by more boxes did indeed create a situation that would suffice under the totality of the circumstances as to whether a reasonable person would notice the protruding box if it was indeed, found by the trier of fact to be open and obvious. "[T]he question of whether something is open an obvious cannot always be decided as a matter of law simply because it may have been visible."Hudspath at ¶ 19, citing Collins v. McDonald's Corp., 8th Dist. No. 83282, 2004-Ohio-4074, ¶ 12, citing Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677. "Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise." Id. citing McGuire v. Sears Roebuck and Co.
(1996), 118 Ohio App. 3d 494, 499. "In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event." Id. See, Menke v. Beerman (Mar. 9, 1998), 12th Dist. No. CA97-09-182, 1992 Ohio App. LEXIS 868, 2-3, citingCash v. Cincinnati (1981), 66 Ohio St. 2d 319.
 {¶ 39} Accordingly, we reverse, finding the trial court erred in awarding summary judgment in favor of Dollar General. *Page 12 
 {¶ 40} The judgment of the Ashtabula County Court of Common Pleas is reversed, and this case is remanded for proceedings consistent with this opinion.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.