[Cite as *Brock v. Food, Folks & Fun, Inc.*, 2014-Ohio-2668.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

RAYMOND BROCK, et al.                    :

    Plaintiff-Appellant                 :            C.A. CASE NO.    25719

v.                                       :            T.C. NO.    11CV1150
                                                            11CV8258

FOOD, FOLKS & FUN, INC., et al.          :            (Civil appeal from
                                                 Common Pleas Court)

    Defendants-Appellees                :

                                         :

         . . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of     June    , 2014.

         . . . . . . . . . .

JOSEPH J. MONDOCK, Atty. Reg. No. 0075541, 8997 Springboro Pike, Miamisburg, Ohio 45342
      Attorney for Plaintiff-Appellant

W. CHARLES CURLEY, Atty. Reg. No. 0007447, 10 W. Broad Street, Suite 2400, Columbus, Ohio 43215
      Attorney for Defendant-Appellee, Food, Folks & Fun, Inc.

STEVEN G. JANIK, Atty. Reg. No. 0021934 and COLIN P. SAMMON, Atty. Reg. No. 0076011, 9200 South Hills Blvd., Suite 300, Cleveland, Ohio 44147-3521
      Attorneys for Defendants-Appellees, Schaeffer, Amos and Hughes, LLC and The Estate of Christopher W. Schaeffer

FREDRIC L. YOUNG, Atty. Reg. No. 0059544, 800 Performance Place, 109 N. Main

Street, Dayton, Ohio 45402

Attorney for Defendants-Appellees, Jonah Development Corp. and Gary Schneider

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant Raymond Brock appeals a decision of the Montgomery County Court of Common Pleas, Civil Division, sustaining the separate motions for summary judgment of defendant-appellees Jonah Development Corp. and Gary Schneider (hereinafter "Jonah"); defendant appellee Food, Folks & Fun, Inc. (hereinafter "FFF")[1]; and defendant-appellees Schaeffer, Amos & Hughes LLC and Christopher W. Schaeffer (hereinafter "Schaeffer"). Brock filed a timely notice of appeal with this Court on April 17, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on February 13, 2009, outside a Kentucky Fried Chicken (hereinafter "KFC") franchise restaurant located at 4645 North Main Street in Dayton, Ohio. On that day as Brock was leaving the KFC, he fell in the parking lot of the restaurant and sustained multiple fractured vertebrae. At the time of Brock's accident, the KFC restaurant was owned and operated by FFF. Schaeffer provided the construction site plans to FFF, as well as the plans for the accessible means of ingress and egress to the building, including exterior sidewalks, the parking lot, curbs, ramps, and drives. Jonah was the contractor who supervised the site

---

[1]The parties reported that a settlement had been reached between Brock and FFF on May 29, 2014, and thereby moved to dismiss as to FFF only. By entry, we dismissed the appeal as to FFF on June 4, 2014.

work and construction of the KFC restaurant. Although not a party to the instant appeal, Stamp Tech Decorative Concrete, LLC (hereinafter "Stamp Tech"), was a subcontractor working at the direction of Jonah who assisted in the construction of the handicap accessible ramp located on the north side entrance/exit of the KFC.

{¶ 3}  On February 11, 2011, Brock filed a complaint, Case No. 2011-CV-1150, in the Montgomery County Court of Common Pleas in which he named FFF, Jonah, Stamp Tech, and Schaeffer as defendants. In his complaint, Brock alleged that he was severely injured as a result of the negligent design and construction of a handicapped access ramp located on the north side entrance/exit of the KFC.

{¶ 4}  On November 14, 2011, Hastings Mutual Insurance Company (hereinafter "Hastings") filed an action for declaratory judgment, Case No. 2011-CV-8258, seeking a declaration that it owed neither a defense nor an indemnity obligation to Stamp Tech. On January 26, 2012, the trial court consolidated both cases under Case No. 2011-CV-1150. The trial court granted Hastings' declaratory judgment action on October 3, 2012. Brock, however, has not appealed that judgment.

{¶ 5}  Jonah, Schaeffer, Stamp Tech, and FFF each filed their own separate motions for summary judgment against Brock. On February 7, 2013, Brock filed three separate memoranda in opposition to Jonah, Schaeffer, and FFF's motions for summary judgment. Brock did not oppose Stamp Tech's motion for summary judgment. On March 20, 2013, the trial court issued its decision sustaining Jonah, Schaeffer, Stamp Tech, and FFF's respective motions for summary judgment. Because Brock did not file a memorandum in opposition to Stamp Tech's motion for summary judgment, the trial court

found that Stamp Tech was entitled to judgment as a matter of law.[2]

{¶ 6} With respect to Jonah, the trial court found that the easily observable "conditions associated with the handicap accessible ramp and parking lot of KFC would allow a customer exercising ordinary care to see and have the ability to guard themselves against such conditions." Accordingly, the trial court found that Jonah did not breach any duty of care against Brock, and summary judgment was therefore, appropriate.

{¶ 7} The trial court found that subsequent modifications and construction of the handicap accessible ramp from Schaeffer's original site plans constituted material deviations, "and therefore break the causal connection between the original designs for the ramp" and Brock's injuries. Thus, the trial court found that Schaeffer owed no duty to Brock and granted its motion for summary judgment.

{¶ 8} Although FFF has been dismissed from this appeal, we note that the trial court found that any hazard associated with the handicap accessible ramp was an open and obvious condition, and it was not foreseeable that an individual exercising ordinary care would suffer any injury when walking on or near the access ramp. We note that the trial court also found that at the time of the accident because Brock did not qualify as a "disabled person" under the Americans with Disabilities Act (hereinafter "the ADA"), he may not establish negligence by any of the defendants based on their failure to abide by the requirements of the ADA or any comparable regulations.

{¶ 9} It is from this judgment that Brock now appeals.

---

[2]It is apparent from his merit brief that Brock is not appealing the trial court's grant of summary judgment to Stamp Tech.

{¶ 10}   Brock's sole assignment of error is as follows:

{¶ 11} "THE TRIAL COURT ERRED IN SUSTAINING APPELLEES' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT."

{¶ 12}   In his sole assignment, Brock contends that the trial court erred when it granted the appellees' respective motions for summary judgment.   Specifically, Brock contends that the trial court erred when it concluded that any hazard associated with the handicap accessible ramp was an open and obvious condition, thereby rendering it unforeseeable that an individual exercising ordinary care would suffer any injury when walking on or near the access ramp. Brock also argues that the trial court erred when it found that Jonah did not breach its duty of reasonable care when it knowingly built a handicap accessible ramp that did not comply with ADA and Ohio Department of Transportation (ODOT) regulations.   Finally, Brock contends that the trial court erred when it held that the modifications and construction of the handicap accessible ramp from Schaeffer's original site plans constituted material deviations, thereby negating any duty Schaeffer owed to Brock.

{¶ 13}   Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The moving party "bears the initial burden of informing the trial court of the basis

for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*; *see* Civ.R. 56(E).

{¶ 14} In order to prevail on a negligence claim, "one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). Negligence must be established by the facts; "it will not be presumed." *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 388, 92 N.E.2d 9 (1950). A plaintiff cannot sustain a negligence claim based on "conjecture, guess, random judgment or supposition" or by impermissibly stacking inference upon inference. *Id.* at 389.

{¶ 15} Brock argues on appeal that it was difficult to discern the existence of the handicap accessible ramp as he was exiting the restaurant and avoid the danger. Specifically, he argues that the sidewalk, ramp, and parking lot are all made from cement, and this, he asserts, allows the ramp to "seamlessly blend into the cement area of the parking lot." Brock also points out that the cement ramp "appears to not be poured on top of the parking lot but rather poured with the parking lot." Brock asserts that this renders the edges of the ramp difficult to perceive. Brock further argues that while the side flares of the ramp are painted, "it can be perceived to be nothing more than a demarcation of a parking space."

Lastly, Brock asserts that "due to the steepness of the side flares, the side flare on the far side 'disappears' while walking in the direction from which" he approached on the day of the accident. Thus, Brock argues that the hazard created by the ramp is the steep side of the flare which was indiscernible from his particular vantage point.

{¶ 16} On the day of the accident, Brock parked his vehicle on the north side of the KFC, exited his vehicle, stepped up onto the sidewalk, and proceeded to enter the restaurant. Brock testified that he had followed the same routine on numerous prior occasions. The handicap accessible ramp is located on the north side of the KFC that Brock walked by when he entered the restaurant. As evidenced in photographs addressed below, the handicap accessible ramp is bordered on adjacent sides by thick-painted yellow lines. The ramp is further bordered on one side by additional thick-painted yellow lines that resemble a large grid-like formation that leads from the parking lot up to the front edge of the ramp. The yellow lines surrounding the ramp clearly contrast with the ramp itself and the adjacent sidewalk. Located at the front of the ramp are two handicap accessible signs. We note that the international symbol for handicap access was painted onto the concrete in the handicap parking space directly adjacent to the ramp. We also note Brock testified, however, that "he was not aware of the presence of the ramp and that he did not notice any painting, signs, striping, or anything else that would have been an indicator of the presence of the ramp."

{¶ 17} In our view, by its very nature, a handicap accessible ramp "interrupts the grade of a sidewalk [or parking lot] in order to accommodate those in need of special access, thereby creating a potentially dangerous condition for other invitees on the property not unlike dangers posed by swimming pools, haylofts, loading docks, and knives." *LeJeune v.*

*Crocker Shell Food Mart and Car Wash*, 8th Dist. Cuyahoga No. 74262, 1998 WL 741921 (October 22, 1998). In this day and age, virtually every public building has handicap accessible ramps as well as other handicap accessible means of ingress and egress. The handicap accessible ramp at the KFC was clearly demarcated, thereby rendering it distinct and observable.

**{¶ 18}  A. JONAH**

{¶ 19}  Initially, we note that Brock has asserted his negligence claim against Jonah based on a violation of the ADA. However, Brock, by his own admission, was not disabled at the time of the accident. For an individual to recover on a claim of breach of statutory duty, he or she must be within the class for whose benefit the statute was enacted. *Scheetz v. Kenwood*, 152 Ohio App.3d 20, 2003-Ohio-1209, 786 N.E.2d 501 (11th Dist.); see *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (C.A.6, 1999). Thus, Brock cannot recover for a violation of the ADA because he has made no showing the he suffers from a covered disability.

{¶ 20}  Furthermore, it is undisputed that Jonah was an independent contractor that oversaw the site work and construction of the KFC, most notably, the handicap accessible ramp which allegedly caused Brock's fall. "An independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 597 N.E.2d 504 (1992). In its decision sustaining Jonah's motion for summary judgment, the trial court properly found that because Jonah was not the owner of

the KFC, the open and obvious doctrine was inapplicable and did not shield it from liability or overcome its general duty of care to Brock. Rather, the trial court utilized the "law of negligence [in order] to determine" if a genuine issue of material fact existed regarding whether Jonah breached its duty to Brock. The trial court nevertheless considered the open and obvious nature of the handicap accessible ramp in its analysis regarding whether Jonah breached its duty of care to Brock. Jonah argued that Brock could not prove that it breached its duty of ordinary care because the handicap accessible ramp was easily observable to a reasonably prudent person who could be expected to protect himself or herself, and did not create a foreseeable risk of unreasonable harm.

{¶ 21} In his merit brief, Brock argues that the trial court's consideration of the open and obvious nature of the hazard in its analysis of his claim against Jonah under the ordinary rules of negligence was merely a veiled application of the open and obvious doctrine. In our view, Brock mischaracterizes the trial court's holding. In *Simmers,* the Ohio Supreme Court acknowledged that, while the open-and obvious doctrine does not relieve an independent contractor of a duty, the open and obvious nature of a hazard remains relevant for other purposes. The *Simmers* Court stated, _[s]ince [the independent contractor] had no property interest in the premises, we must look to the law of negligence to determine [the independent contractor's] duty of care, and then consider the significance of the factual finding that the [hazard] was open and obvious._ *Id.* at 645, 556 N.E.2d at 505. In fact, the Court noted that a condition may _itself [be] sufficiently discernible to constitute an adequate warning of the danger,_ precluding a finding of a breach. *Id.* at 646, 556 N.E.2d at 505. *Simmers,* thus, does not foreclose the trial court's consideration of the open and

obvious nature of the ramp in its analysis of whether Jonah breached its duty of ordinary care to Brock.

{¶ 22} As previously discussed, the handicap accessible ramp in question is located on the north side of the KFC that Brock passed when he entered the restaurant. As evidenced in photographs submitted by Jonah, the handicap accessible ramp is bordered on adjacent sides by thick-painted yellow lines. The ramp is further bordered on one side by additional thick-painted yellow lines that resemble a large grid-like formation that leads from the parking lot up to the front edge of the ramp. The yellow lines surrounding the ramp clearly contrast with the ramp itself and the adjacent sidewalk. Located at the front of the ramp are two handicap accessible signs. We note that the international symbol for handicap access was painted onto the concrete in the handicap parking space directly adjacent to the ramp.

{¶ 23} Moreover, there were no circumstances or obstructions that prevented Brock from observing the handicap accessible ramp, and Brock does not claim that he was distracted by anything, nor has he asserted that his view of the ramp was obstructed in any way. The handicap accessible ramp at the KFC was clearly demarcated, thereby rendering it distinct and observable. Accordingly, Brock had a duty to be aware of its presence so as to avoid any danger it posed. By his own admission, Brock was simply not paying attention when he fell on or near the ramp. The trial court's consideration of the open and obvious nature of the handicap accessible ramp in determining Jonah's liability was not error. Pursuant to the law of negligence, Brock's admitted failure to recognize and appreciate the attendant hazards and ordinary danger associated with the handicap accessible ramp were not

foreseeable by Jonah. Therefore, Jonah did not breach any duty that it had to Brock. Accordingly, the trial court did not err when it found that Jonah was entitled to summary judgment regarding Brock's claims.

**{¶ 24} C. SCHAEFFER**

**{¶ 25}** Brock contends that the trial court erred when it determined that there were material deviations from Schaffer's original site design by Jonah upon construction of the handicap accessible ramp, thus relieving Schaeffer from liability. Specifically, Brock argues that Schaeffer's original design specifications were not ADA/ODOT compliant. Brock further asserts that even though the original design specifications were not applied in constructing the handicap accessible ramp, Schaeffer remains liable by virtue of his early involvement.

**{¶ 26}** In *Cincinnati Riverfront Coliseum, Inc. v. McNulty Co.*, 28 Ohio St.3d 333, 504 N.E.2d 415 (1986), the Ohio Supreme Court stated the following:

> Generally, one who contracted in a specialized professional capacity to provide the design for a particular structure may be held to respond in damages for the foreseeable consequences of a failure to exercise reasonable care in the preparation of the design. *** There are limited circumstances under which an engineer or architect may be relieved from the effects of what might otherwise be held to constitute actionable negligence. *** However, there may well exist in the same construction a cause of action in favor of the plaintiff for damages emanating from both faulty design and faulty construction. An architect or structural engineer may avoid liability for

negligent design if it is proven that deviations in construction are material and that the deviations have been the proximate cause of the damages claimed by the plaintiff. *** A contractor's deviations from the plans and specifications submitted by a structural engineer or architect should be regarded as material only if they serve independently to break the causal connection between the design and the plaintiff's damages by completely removing the effects of any negligence on the part of the structural engineer or architect in preparing the design.

(Internal citations omitted).

{¶ 27} Upon review, we conclude that the record establishes that Jonah made material modifications and alterations in the design specifications of the handicap accessible ramp. Specifically, the evidence establishes that Schaeffer's original design contemplated a "cut-in" handicap accessible ramp with a purportedly outdated ODOT curb ramp detail. The "cut-in" ramp would have begun at the edge of the parking lot and extended into the sidewalk to provide for handicap access. During construction, however, Jonah erected a "built-up" ramp which extended from the floor of the parking lot to the surface of the sidewalk. The ramp, as constructed, deviated from Schaeffer's original design specifications in its dimensions, orientation, and configuration. Jonah admitted that it did not build the handicap accessible ramp, either in configuration or in its measurements, to the dimensions set forth in Schaeffer's original design.

{¶ 28} In light of the foregoing evidence, we find that the subsequent modifications with respect to the construction of the handicap accessible ramp from Schaeffer's original

design constituted material deviations, thereby severing the causal connection between the original specifications for the ramp and Brock's injuries. Once the causal chain was broken by Jonah's material deviations from the original design plans, Schaeffer owed no duty to Brock and therefore, cannot be liable for his injuries. Accordingly the trial court did not err when it sustained Schaeffer's motion for summary judgment.

{¶ 29} Brock's sole assignment of error is overruled.

{¶ 30} FFF advances the following cross-assignments of error in the instant appeal:

{¶ 31} "THE TRIAL COURT ERRED IN DECLINING TO ENTER SUMMARY JUDGMENT IN FAVOR OF [FFF] BECAUSE A SLOPED HANDICAP RAMP IS NOT A LATENT DEFECT AND NOT AN UNREASONABLE DANGEROUS HAZARD AND BECAUSE FFF WAS NOT ON NOTICE OF A HAZARD."

{¶ 32} "THE TRIAL COURT ERRED IN DECLINING TO ENTER SUMMARY JUDGMENT IN FAVOR OF [FFF] BECAUSE APPELLANT IS UNABLE TO EXPLAIN THE CAUSE OF HIS FALL."

{¶ 33} Jonah advances the following cross-assignments of error in the instant appeal:

{¶ 34} "THE TRIAL COURT ERRED IN NOT ENTERING SUMMARY JUDGMENT IN FAVOR OF [JONAH] BECAUSE OF APPELLANT'S FAILURE TO IDENTIFY THE CAUSE OF HIS FALL."

{¶ 35} "THE TRIAL COURT ERRED IN NOT ENTERING SUMMARY JUDGMENT IN FAVOR OF [JONAH] BECAUSE OF APPELLANT'S FAILURE TO SHOW THE RAMP PLAYED ANY ROLE IN HIS FALL."

**{¶ 36}** In light of the foregoing analysis and conclusion with respect to Brock's sole assignment of error, defendant-appellees Jonah and FFF's cross-assignments of error are rendered moot, and therefore, need not be addressed.

**{¶ 37}** Brock's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Joseph J. Mondock
W. Charles Curley
Steven G. Janik
Colin P. Sammon
Fredric L. Young
James M. Peters
Thomas B. Bruns
Gregory G. Beck
Stephen M. Yeager
Michael P. Anderson, Statutory Agent
Hon. Dennis J. Langer